141 P.3d 407

**Robert David LEMKE, Petitioner,**

v.

**The Honorable Douglas L. RAYES, Judge of the Superior Court of the State of Arizona, in and for the County of Maricopa, Respondent Judge,**

**State of Arizona, Real Party in Interest.**

**No. 1 CA–SA 06–0130.**

Court of Appeals of Arizona, Division 1, Department B.

Aug. 15, 2006.

Review Denied Jan. 9, 2007.

Susan Sherwin, Office of the Legal Advocate By Thomas J. Dennis, Deputy Legal Advocate, Bruce Peterson, Deputy Legal Advocate, Phoenix, Attorneys for Petitioner.

Andrew P. Thomas, Maricopa County Attorney By Lisa Marie Martin, Deputy County Attorney, Phoenix, Attorneys for Real Party in Interest.

**OPINION**

HALL, Judge.

¶ 1 Robert David Lemke seeks special action review of the superior court's order denying his motion to dismiss his felony-murder charge before retrial as barred by double jeopardy and collateral estoppel principles. In denying Lemke's motion, the superior court determined that: (1) there are no less-

er-included offenses of felony murder and therefore no other offenses constitute the "same offense" as felony murder for double jeopardy purposes; and (2) Lemke failed to meet his burden of demonstrating that the jury decided an ultimate issue of fact in his favor as required under collateral estoppel to bar retrial.

¶2 In the exercise of our discretion, we previously accepted jurisdiction because Lemke has no adequate remedy by appeal. *See State v. Moody*, 208 Ariz. 424, 438, ¶22, 94 P.3d 1119, 1133 (2004) ("[A] petition for special action is the appropriate vehicle for a defendant to obtain judicial appellate review of an interlocutory double jeopardy claim. Because the Double Jeopardy Clause guarantees the right to be free from subsequent prosecution, the clause is violated by the mere commencement of retrial.") (citations omitted); *see also* Ariz. R.P. Spec. Act. 1(a). Because Lemke's retrial on the felony-murder charge is not barred by the doctrines of double jeopardy or collateral estoppel, we denied Lemke's request for relief with a written decision to follow. We now issue this opinion.

## FACTUAL AND PROCEDURAL BACKGROUND

¶3 On August 9, 2002, Charles Richard Chance was shot once in the chest and robbed while at a hotel. He died at the scene from the gunshot wound.

¶4 On November 1, 2002, Lemke was indicted for his involvement in the robbery and murder as follows: (1) Count I—first degree (felony) murder, a class one dangerous felony, in violation of Arizona Revised Statutes (A.R.S.) sections 13–1105(A)(2) and –604(P) (Supp.2005); (2) Count II—armed robbery, a class two dangerous felony, in violation of A.R.S. §§ 13–1904 (2001) and –604(P); and (3) Count III—conspiracy to commit armed robbery, a class two dangerous felony, in

violation of A.R.S. §§ 13–1003 (2001), –1904, and –604(P). On November 5, 2002, Lemke's codefendant, Brandi Lynn Hungerford, entered a plea agreement in which she agreed to plead guilty to second degree murder, armed robbery, and conspiracy to commit armed robbery and to cooperate with the State in its prosecution of Lemke.

¶5 Lemke's trial commenced on August 15, 2005. During trial, Hungerford testified that she and Lemke conspired only to rob Chance at gunpoint and then to bind and leave him at the motel, not to shoot him. Lemke testified that he had no involvement in the robbery or murder, but admitted helping Hungerford sell a piece of Chance's jewelry.

¶6 On September 7, 2005, during discussion of final jury instructions, Lemke requested that instructions for the lesser-included offenses of theft (as to Count II) and conspiracy to commit theft (as to Count III) be submitted to the jury. The State did not object and the trial court incorporated the *LeBlanc*[1] instructions for the lesser-included offenses in the final jury instructions:

> The crime of Conspiracy to Commit Armed Robbery includes the lesser offense of Conspiracy to Commit Theft. You may consider the lesser offense of Conspiracy to Commit Theft if either:
>
> 1. you find the defendant not guilty of Conspiracy to Commit Armed Robbery; or
>
> 2. after full and careful consideration of the facts, you cannot agree on whether to find the defendant guilty or not guilty of Conspiracy to Commit Armed Robbery.
>
> . . . .
>
> The crime of Armed Robbery includes the lesser offense of Theft. You may consider the lesser offense of Theft if either:
>
> 1. you find the defendant not guilty of Armed Robbery; or
>
> 2. after full and careful consideration of the facts, you cannot agree on whether

---

1. In *State v. LeBlanc*, 186 Ariz. 437, 438, 924 P.2d 441, 442 (1996), the supreme court adopted a "reasonable efforts" instruction, which allows jurors to consider a lesser-included offense if, after full and careful consideration of the facts, they cannot agree whether to find a defendant guilty or not guilty on the charged offense. In

doing so, the court abandoned the use of an "acquittal-first" instruction, overruling *State v. Wussler*, 139 Ariz. 428, 430, 679 P.2d 74, 76 (1984), which had held "the better rule is that which requires the jury to acquit the defendant on the charged offense before considering the lesser-included offenses."

to find the defendant guilty or not guilty of Armed Robbery.

¶ 7 On September 16, 2005, after seven days of deliberation, the jury returned verdicts of guilt on theft, the lesser-included offense of Count II, and conspiracy to commit theft, the lesser-included offense of Count III. The jury was unable to reach a verdict on Count I, the felony-murder charge. The trial court sentenced Lemke to terms of imprisonment totaling twenty-seven years for the theft and conspiracy convictions.

¶ 8 Four months later, Lemke filed a motion to dismiss the felony-murder count claiming retrial is barred by double jeopardy and collateral estoppel principles. After hearing oral argument, the superior court issued a minute entry denying the motion. In addressing the double jeopardy claim, the court stated in relevant part:

> In the present case, [Lemke] was charged with First Degree Murder under the theory of felony-murder, pursuant to A.R.S. § 13–1105(2). Only lesser included offenses of felony-murder would be deemed the "same offense" for purposes of the Double Jeopardy Clause. *Brown v. Ohio,* 432 U.S. 161, 168 [97 S.Ct. 2221, 53 L.Ed.2d 187] (1977). There are no lesser-included offenses of felony-murder. *State v. LaGrand,* 153 Ariz. 21, 30, 734 P.2d 563, 572, *cert denied,* 484 U.S. 872 [108 S.Ct. 207, 98 L.Ed.2d 158] (1987). This is because the "mens rea necessary to satisfy the premeditation element of first degree murder is supplied by the specific intent required for the felony." *Id.* (*citing State v. Arias,* 131 Ariz. 441, 443–44, 641 P.2d 1285, 1287–88 (1982)). Because the jury did not return a verdict of guilty on any lesser offense of felony-murder, there can be no "implied acquittal" from the jury's silence as to that charge, and there is no double jeopardy bar to retrying [Lemke] for felony murder.

The court then resolved Lemke's claim of collateral estoppel by noting that he failed to satisfy his burden of demonstrating that the issue was actually decided in the first trial because, under the *LeBlanc* instruction, "the jury's silence as to the armed robbery charge can serve neither as evidence of an acquittal nor as evidence of a hung jury."

## DISCUSSION

¶ 9 Lemke contends that the superior court erred by denying his motion to dismiss the felony-murder charge because retrial is barred by double jeopardy and collateral estoppel. Specifically, he argues that the jury's guilty verdicts on the lesser-included offenses of theft and conspiracy to commit theft constitute "implicit acquittals" of the greater offenses of armed robbery and conspiracy to commit armed robbery. Because the predicate offense for the felony-murder charge is armed robbery, Lemke maintains that the State would necessarily have to prove armed robbery—a count for which Lemke has already been impliedly acquitted—to prove the offense of felony murder, thereby violating the doctrines of double jeopardy and collateral estoppel.

## I. Double Jeopardy

■ ¶ 10 The Double Jeopardy Clauses in the United States and Arizona Constitutions [2] prohibit: (1) a second prosecution for the same offense after acquittal; (2) a second prosecution for the same offense after conviction; and (3) multiple punishments for the same offense. *United States v. Dixon,* 509 U.S. 688, 744, 113 S.Ct. 2849, 125 L.Ed.2d 556 (1993); *State v. Cook,* 185 Ariz. 358, 360, 916 P.2d 1074, 1076 (App.1995). Lemke argues that his pending retrial on the unresolved felony-murder charge would violate the prohibition against being prosecuted for the same offense after acquittal. We review de novo whether double jeopardy applies. *Schiro v. Farley,* 510 U.S. 222, 233, 114 S.Ct.

---

**2.** The Double Jeopardy Clause of the Fifth Amendment of the United States Constitution provides: "[N]or shall any person be subject for the same offence to be twice put in jeopardy of life or limb[.]" Article 2, Section 10, of the Arizona Constitution contains a similar provision: "No person shall ... be twice put in jeop-

ardy for the same offense." The double jeopardy protections extended by the Arizona Constitution are coextensive with those provided by its federal counterpart. *State v. Minnitt,* 203 Ariz. 431, 437, ¶ 27, 55 P.3d 774, 780 (2002); *State v. Cook,* 185 Ariz. 358, 365, 916 P.2d 1074, 1081 (App.1995).

783, 127 L.Ed.2d 47 (1994); *State v. Powers,* 200 Ariz. 123, 125, ¶ 5, 23 P.3d 668, 670 (App.2001).

¶ 11 Lemke uses syllogistic reasoning to frame his argument that retrial on the felony-murder count is barred by double jeopardy. First, citing *Green v. United States,* 355 U.S. 184, 78 S.Ct. 221, 2 L.Ed.2d 199 (1957), he argues that the jury impliedly acquitted him of armed robbery, the predicate offense for felony murder, when it convicted him of theft but left blank the form of verdict for the greater offense of armed robbery. Second, Lemke asserts that armed robbery is the "same offense" for double jeopardy purposes as felony murder predicated on armed robbery. Third, arguing that his original jeopardy on the armed robbery charge terminated when the jury "acquitted" him of that offense, Lemke concludes that a second trial on the felony-murder charge would violate the Double Jeopardy Clause by placing him "twice in jeopardy" for the "same offense." We analyze each premise of Lemke's argument separately.

¶ 12 The first basis of Lemke's argument is that he was impliedly acquitted of armed robbery. In *Green,* the defendant was indicted on one count of arson and one count of first degree murder by causing the death of a person in perpetrating the arson, an offense that is commonly referred to as felony murder. 355 U.S. at 185, 78 S.Ct. 221. At the conclusion of the evidence, the trial judge instructed the jury that it could find Green guilty of arson under the first count and of either first degree murder or the lesser-included offense of second degree murder. *Id.* The jury returned a verdict finding Green guilty of arson and second degree murder, but the jury was silent on the charge of first degree murder. *Id.* at 186, 78 S.Ct. 221. When Green succeeded in having the second degree murder conviction reversed on appeal, he was retried and convicted of first degree murder under the original indictment. *Id.* The Supreme Court held that the second trial violated the Fifth Amendment prohibition against being twice tried for the same offense:

> Green was in direct peril of being convicted and punished for first degree murder at his first trial. He was forced to run the gantlet once on that charge and the jury refused to convict him. When given the choice between finding him guilty of either first or second degree murder it chose the latter. In this situation the great majority of the cases in this country have regarded the jury's verdict as an implicit acquittal on the charge of first degree murder.

355 U.S. at 190, 78 S.Ct. 221. In addition to determining that the jury's silence on the first degree murder charge was tantamount to an implied acquittal, the Supreme Court more broadly relied on the "established principle[ ] of former jeopardy" that applies when a jury is "given a full opportunity to return a verdict and no *extraordinary circumstances* appeared which prevented it from doing so" to hold that Green's jeopardy on the charge of first degree murder ended when the jury was discharged following the first trial. *Id.* at 191, 78 S.Ct. 221 (emphasis added).

¶ 13 The term "extraordinary circumstances" is used by the Supreme Court along with other expressions such as "manifest necessity" or "unforeseeable circumstances" to describe scenarios in which retrial is not barred by the Double Jeopardy Clause, the most common example being the judge's declaration of a mistrial when the jury is unable to reach a verdict. *See Wade v. Hunter,* 336 U.S. 684, 689, 69 S.Ct. 834, 93 L.Ed. 974 (1949) ("There may be unforeseeable circumstances that arise during a trial making its completion impossible, such as the failure of a jury to agree on a verdict."); *Oregon v. Kennedy,* 456 U.S. 667, 672, 102 S.Ct. 2083, 72 L.Ed.2d 416 (1982) (describing the most common form of "manifest necessity" as a "mistrial declared by the judge following the jury's declaration that it was unable to reach a verdict").

¶ 14 From a purely logical viewpoint, the *LeBlanc* instruction (as opposed to an acquittal-first instruction) undercuts *Green's* primary rationale for the implied acquittal theory, that is, "the assumption, which we believe legitimate, that the jury for one reason or another acquitted Green of murder in the first degree." 355 U.S. at 191, 78 S.Ct. 221. Indeed, the circumstance that the jury at Lemke's trial did not acquit him of felony

murder suggests that the jury was hung on the armed robbery offense and did not impliedly acquit Lemke by "silence"; otherwise, having acquitted him of the predicate offense, a rational jury would necessarily have acquitted him of felony murder. Moreover, as mentioned above, the mistrial on the felony-murder charge due to the jury's inability to reach a verdict is the most typical example of when failure to complete a trial does not bar a second trial. *Compare State v. Sawyer*, 227 Conn. 566, 630 A.2d 1064, 1074–75 (1993) ("The reasonable efforts instruction also raises grave questions of public policy because of its implications for the doctrine of the implied acquittal in the context of the constitutional protection against double jeopardy."), *with U.S. v. Tsanas*, 572 F.2d 340, 346 n. 7 (2nd Cir.1978) (stating that retrial on the greater offense following conviction on a lesser-included offense "apparently is barred by the double jeopardy clause regardless of the form of the instruction").

¶ 15 We nonetheless assume for purposes of analyzing Lemke's double jeopardy claim that he was impliedly acquitted of the armed robbery offense. A contrary holding would raise significant questions regarding whether a defendant convicted of a lesser-included offense in Arizona under the *LeBlanc* instruction is constitutionally protected from retrial on the greater offense, an eventuality that we doubt the *LeBlanc* court intended when it abandoned use of the "acquittal-first" instruction in favor of the "reasonable efforts" approach.

¶ 16 We next consider Lemke's second premise—that armed robbery is the "same offense" as felony murder predicated on armed robbery—by using the test enunciated in *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). Under the *Blockburger* test, two offenses constitute the "same offense" for double jeopardy purposes unless *each* provision requires proof of a fact that the other does not. *Id.* at 304, 52 S.Ct. 180. The test emphasizes the elements of the two crimes. "If each requires proof of a fact that the other does not, the Blockburger test is satisfied, notwithstanding a substantial overlap in the proof offered to establish the crimes." *Ian-*

*nelli v. United States*, 420 U.S. 770, 786 n. 17, 95 S.Ct. 1284, 43 L.Ed.2d 616 (1975).

¶ 17 The superior court ruled that a second trial was not barred, reasoning that "[o]nly lesser-included offenses of felony murder would be deemed the 'same offense' for purposes of the Double Jeopardy Clause," and there are no lesser-included offenses to felony murder. This reasoning, repeated by the State in its response to the petition, conflates two different concepts by equating the same-offense test used in double jeopardy analysis with the necessarily-included-offense test used in determining whether the jury should be instructed on lesser offenses. As explained by the Florida Supreme Court:

"Lesser included offense" in regard to jury alternatives is different from what that term means in regard to double jeopardy. The former implements the nonconstitutional right of an accused to an instruction which gives the jury an opportunity to convict of an offense with less severe punishment than the crime charged. The latter, on the other hand, involves distinguishing offenses in order to protect against multiple prosecutions for the same crime.

*State v. Baker*, 456 So.2d 419, 422 (Fla.1984); *see State v. Chabolla–Hinojosa*, 192 Ariz. 360, 363, ¶ 12, 965 P.2d 94, 97 (App.1998) ("The test for whether an offense is 'lesser-included' is whether it is, by its very nature, always a constituent part of the greater offense, or whether the charging document describes the lesser offense even though it does not always make up a constituent part of the greater offense."). Thus, even assuming that the superior court and the State are correct that a defendant would never be entitled to have a jury instructed on armed robbery as a lesser-included offense of felony murder, *but see State v. West*, 176 Ariz. 432, 443, 862 P.2d 192, 203 (1993) (observing that "this court has consistently held that felony murder contains no lesser included *homicide* offenses") (emphasis added), *overruled on other grounds by State v. Rodriguez*, 192 Ariz. 58, 961 P.2d 1006 (1998), this does not mean that the two offenses are not the "same" for purposes of double jeopardy analysis.

¶ 18 Rather, applying the *Blockburger* test, felony murder (based on an armed robbery predicate) is the same offense as armed robbery because armed robbery does not contain an element that is not also contained in felony murder. Indeed, the United States Supreme Court has consistently treated the predicate felony for felony murder and the felony-murder charge itself as the "same offense" under the Double Jeopardy Clause. *See Harris v. Oklahoma,* 433 U.S. 682, 682–83, 97 S.Ct. 2912, 53 L.Ed.2d 1054 (1977) (per curiam) (defendant convicted for felony murder based on underlying offense of robbery with firearms; subsequent prosecution for robbery with firearms precluded by the Double Jeopardy Clause); *see also Payne v. Virginia,* 468 U.S. 1062, 1062, 104 S.Ct. 3573, 82 L.Ed.2d 801 (1984) (per curiam) (same). That armed robbery is typically only one of several felonies that may be the predicate for felony murder does not matter because, under *Harris,* the predicate felony in a felony-murder prosecution is treated "as a species of lesser-included offense":

> The Oklahoma felony-murder statute [analyzed in *Harris* ] on its face did not require proof of a robbery to establish felony murder; other felonies could underlie a felony-murder prosecution. But for purposes of the Double Jeopardy Clause, we did not consider the crime generally described as felony murder as a separate offense distinct from its various elements. Rather, we treated a killing in the course of a robbery as itself a separate statutory offense, and the robbery as a species of lesser-included offense.

*Illinois v. Vitale,* 447 U.S. 410, 420, 100 S.Ct. 2260, 65 L.Ed.2d 228 (1980) (footnote omitted).[3]

¶ 19 Having agreed with Lemke's first two assertions, we now address the third component of his argument: that he cannot be retried on the felony-murder count because his jeopardy on the armed robbery charge terminated when the jury "acquitted" him of that offense. The protections afforded by the Double Jeopardy Clause apply "only if there has been some event, such as an acquittal, which terminates the original jeopardy." *Richardson v. United States,* 468 U.S. 317, 325, 104 S.Ct. 3081, 82 L.Ed.2d 242 (1984); *see, e.g., Brown v. Ohio,* 432 U.S. 161, 167–69, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977) (holding that double jeopardy bars a subsequent prosecution of a defendant for a greater offense after he has already been tried and acquitted or convicted on a lesser-included offense). When no terminating event has occurred, the jeopardy "continues" unabated. *Richardson,* 468 U.S. at 335, 104 S.Ct. 3081. Thus, neither the failure of a jury to reach a verdict nor a trial court's declaration of a mistrial following a hung jury is an "event" that terminates the original jeopardy. *Id.* at 325–26, 104 S.Ct. 3081; *see also Wade,* 336 U.S. at 689, 69 S.Ct. 834 ("[A] defendant's valued right to have his trial completed by a particular tribunal must in some instances be subordinated to the public's interest in fair trials designed to end in just judgments.").

¶ 20 Likewise, jeopardy continues for a defendant who appeals a conviction; if the conviction is reversed, the State may retry the case. *Sattazahn v. Pennsylvania,* 537 U.S. 101, 106, 123 S.Ct. 732, 154 L.Ed.2d 588 (2003) (explaining that when a defendant "appeals the conviction and succeeds in having it set aside ... jeopardy has not terminated" and retrial is not barred by the Dou-

---

3. We are not here concerned with double jeopardy principles regarding consecutive punishments. Therefore, the State's reliance on cases such as *State v. Girdler,* 138 Ariz. 482, 489, 675 P.2d 1301, 1308 (1983) (holding that consecutive punishments for felony murder and predicate felony do not violate the Double Jeopardy Clause), to argue that armed robbery is not the "same offense" as felony murder is misplaced. *See Missouri v. Hunter,* 459 U.S. 359, 366, 103 S.Ct. 673, 74 L.Ed.2d 535 (1983) ("With respect to cumulative sentences imposed in a single trial, the Double Jeopardy Clause does no more than prevent the sentencing court from prescribing

greater punishment than the legislature intended."). The State also tries to distinguish the *Harris* line of cases on the basis that Arizona's felony-murder statute does not require that the underlying felony actually be committed, only that it be attempted, *see* § 13–1105(A)(2), and thus does not require a defendant to actually commit armed robbery to be found guilty of felony murder. Because the superior court instructed the jury that felony murder requires proof that "[t]he defendant committed armed robbery," we need not decide whether this purported distinction is valid.

ble Jeopardy Clause); *United States v. Jose*, 425 F.3d 1237, 1241 (9th Cir.2005) (noting a defendant "may still be retried for the same offense, consistently with the Double Jeopardy Clause, when retrial is pursuant to a reversal on appeal" because the original jeopardy "continues" on the offense upon retrial).

██ ¶ 21 Similarly, the prohibition against retrying a defendant for the same offense after conviction does not apply to the ongoing prosecution of pending charges when a defendant pleads guilty to the "same offenses" charged in another count of a multi-count indictment. In *Ohio v. Johnson*, 467 U.S. 493, 494, 104 S.Ct. 2536, 81 L.Ed.2d 425 (1984), the defendant pled guilty at his arraignment to two lesser-included offenses and not guilty to two greater offenses. The trial court then granted his motion to dismiss the two greater charges as barred by double jeopardy, a decision affirmed on appeal by the Ohio Supreme Court. *Id.* The United States Supreme Court reversed, holding that "prosecuting [defendant] on the two more serious charges would not constitute the type of 'multiple prosecution' prohibited by the Double Jeopardy Clause." *Id.* The Supreme Court explained that continuing prosecution on the unresolved charges did not violate double jeopardy principles because "[t]here simply has been none of the governmental overreaching that double jeopardy is supposed to prevent. On the other hand, ending prosecution now would deny the State its right to one full and fair opportunity to convict those who have violated its laws." *Id.* at 501, 104 S.Ct. 2536 (citation omitted).

██ ¶ 22 Like the defendant in *Johnson*, Lemke's prosecution is continuing. Even though we have deemed Lemke's jeopardy on the armed robbery offense as terminated

based on the concept of implied acquittal, the inability of the jury to reach a verdict on the felony-murder count at his first trial means that Lemke's jeopardy as to that count never terminated. *See State v. Luzanilla*, 176 Ariz. 397, 401, 861 P.2d 682, 686 (App.1993), *aff'd in relevant part, vacated in part on other grounds*, 179 Ariz. 391, 880 P.2d 611 (1994) ("[R]etrial following a hung jury is simply a continuation of a single prosecution[.]"); *Jose*, 425 F.3d at 1242–44 (explaining that having "same offense" charges brought in one indictment "makes all the difference" because jeopardy may "continue" on one count even when there has been a terminating event as to the other count). In essence, because his jeopardy on the felony-murder charge is continuing, Lemke's argument is analytically no different than a claim that his retrial for felony murder should be barred because a guilty verdict would be inconsistent with his implied acquittal on the armed robbery charge at his first trial. But—as Lemke acknowledges—"consistency between the verdicts on the several counts of an indictment is unnecessary." *State v. Zakhar*, 105 Ariz. 31, 32, 459 P.2d 83, 84 (1969). Accordingly, we conclude that Lemke's retrial on the felony-murder count is not barred because it will not place him *"twice* in jeopardy" for the "same offense." U.S. Const. amend VI (emphasis added).[4]

## II. Collateral Estoppel

██ ¶ 23 The Double Jeopardy Clause also incorporates the additional protection of collateral estoppel. *Schiro*, 510 U.S. at 232, 114 S.Ct. 783. Collateral estoppel simply means "that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be relitigated between the same parties in any

---

4. Other jurisdictions have reached similar results. *See, e.g., State v. Henning*, 273 Wis.2d 352, 681 N.W.2d 871, 877, ¶ 20 (2004) (explaining that retrial, following reversal of conviction, is not barred by the doctrine of double jeopardy when "the second trial is a continuation of the first"); *Mauk v. State*, 91 Md.App. 456, 605 A.2d 157, 167 (1992) (noting that the "termination of jeopardy on one or more charges [through mistrial, acquittal, guilty plea, etc.] has no carry-over effect on the other jeopardies" and explaining that sequential trials, unlike subsequent prosecutions are not barred by double jeopardy because

they are a continuation of a single, original jeopardy); *People v. Gonzalez*, 197 Mich.App. 385, 496 N.W.2d 312, 316–18 (1993) (defendant convicted of armed robbery but jury unable to reach a verdict on additional charge of felony murder; under Michigan's broader "same transaction" test for double jeopardy, retrying defendant for felony murder would not violate protection against successive prosecutions for the same offense because "manifest necessity," rather than prosecutorial overreaching, compelled termination of an otherwise properly pursued criminal prosecution).

future lawsuit." *Gusler v. Wilkinson,* 199 Ariz. 391, 395–96, ¶ 24, 18 P.3d 702, 706–07 (2001) (quoting *Ashe v. Swenson,* 397 U.S. 436, 443, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970)).

¶ 24 In criminal cases, collateral estoppel is not favored and therefore sparingly applied. *State v. Rodriguez,* 198 Ariz. 139, 141, ¶ 6, 7 P.3d 148, 150 (App.2000). The defendant carries the burden of demonstrating "that the issue whose relitigation he seeks to foreclose was actually decided in the first proceeding." *Schiro,* 510 U.S. at 233, 114 S.Ct. 783 (quoting *Dowling v. United States,* 493 U.S. 342, 350, 110 S.Ct. 668, 107 L.Ed.2d 708 (1990)). Although in some circumstances jury silence is "tantamount to an acquittal for double jeopardy purposes," *Schiro,* 510 U.S. at 236, 114 S.Ct. 783 (citing *Green* ), a jury's "failure to return a verdict does not have collateral estoppel effect ... unless the record establishes that the issue was actually and necessarily decided in the defendant's favor." *Id.*

¶ 25 In our double jeopardy discussion, *supra* ¶¶ 11–15, pursuant to *Green,* we decided to treat the jury's conviction of Lemke on the lesser offense of theft as an implied acquittal of the greater offense of armed robbery. Anticipating this outcome, Lemke argues that the State is therefore collaterally estopped from asserting that he committed armed robbery as the predicate for the felony murder. We disagree.

¶ 26 The *LeBlanc* instruction prevents us from knowing whether the jury unanimously acquitted defendant of armed robbery or simply could not agree. Therefore, Lemke is unable to meet his burden of establishing the "factual predicate for the application of the doctrine ..., namely, that an issue of ultimate fact has once been determined in his favor." *Schiro,* 510 U.S. at 223, 114 S.Ct. 783 (internal quotation omitted). Moreover, as already mentioned, *supra* ¶ 22, Arizona law permits inconsistent verdicts. *Zakhar,* 105 Ariz. at 32, 459 P.2d at 84. Because the jury at the first trial could have

permissibly acquitted Lemke of armed robbery and found him guilty of felony murder, collateral estoppel does not bar retrial on the felony-murder charge. *See Gusler,* 199 Ariz. at 396, ¶ 25, 18 P.3d at 707 (holding that even though double jeopardy clause barred retrial of defendant on reckless manslaughter charge when trial court prematurely granted the State's motion to mistrial, the State was not collaterally estopped from retrying defendant for remaining charges requiring reckless behavior).[5]

## CONCLUSION

¶ 27 Lemke's retrial for felony murder is not barred by double jeopardy principles or the doctrine of collateral estoppel. Therefore, we deny his request for relief.

CONCURRING: SHELDON H. WEISBERG, Presiding Judge, and PATRICK IRVINE, Judge.

---

5. The foregoing analysis assumes that the doctrine of collateral estoppel applies to a continuing prosecution. *But see Johnson,* 467 U.S. at 500 n. 9, 104 S.Ct. 2536 ("Where the State has made no effort to prosecute the charges seriatim, the considerations of double jeopardy protection implicit in the application of collateral estoppel are inapplicable.").