# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

**People v. Bouchee, 2011 IL App (2d) 090542**

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. CEDRIC L. BOUCHEE, Defendant-Appellant. |
| District & No. | Second District<br>Docket No. 2-09-0542 |
| Rule 23 order filed<br>Modified opinion filed<br>on denial of rehearing | April 7, 2011<br><br>December 6, 2011 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Defendant's convictions for home invasion and criminal sexual assault were upheld over defendant's contention that criminal sexual assault was a lesser included offense of home invasion, since defendant's conduct involved multiple acts, his entry was distinct from the assault, and adopting defendant's argument would require a presumption that the legislature intended that a person could commit the gravamen of a home invasion and be punished for the same, but receive no separate punishment for the more serious sex offense committed inside the victim's dwelling. |
| Decision Under Review | Appeal from the Circuit Court of Kane County, No. 07-CF-638; the Hon. Timothy Q. Sheldon, Judge, presiding. |
| Judgment | Affirmed. |

Counsel on
Appeal

Thomas A. Lilien and Darren E. Miller, both of State Appellate
Defender's Office, of Elgin, for appellant.

Joseph H. McMahon, State's Attorney, of St. Charles (Lawrence M.
Bauer and Scott Jacobson, both of State's Attorneys Appellate
Prosecutor's Office, of counsel), for the People.

Panel

PRESIDING JUSTICE JORGENSEN delivered the judgment of the
court, with opinion.

Justices Bowman and Burke concurred in the judgment and opinion.

## OPINION

¶ 1    Following a bench trial, defendant, Cedric L. Bouchee, was convicted of home invasion (720 ILCS 5/12-11(a)(6) (West 2006)) and criminal sexual assault (720 ILCS 5/12-13(a)(1) (West 2006)). He received consecutive prison sentences of six and four years, respectively. Defendant appeals, contending that his criminal sexual assault conviction must be vacated because, as charged, criminal sexual assault is a lesser included offense of home invasion. We affirm.

¶ 2    Counts I and II of an indictment charged defendant with home invasion, in that he entered the dwelling of T.C., knowing her to be present, "and while within said dwelling, committed a criminal sexual assault against T.C. in that he put his penis in the vagina of T.C." Counts III and IV charged defendant with criminal sexual assault in that "by the use of force said defendant placed his penis in the vagina of T.C." The State dismissed counts II and IV.

¶ 3    Evidence at trial showed that on March 7, 2007, defendant and Mychal Postlewaite went to the home of T.C., a high school classmate. Defendant forced his way inside T.C.'s house, pushed her down a hallway and into a bedroom, and forcibly had sex with her.

¶ 4    A jury found defendant guilty of both counts. The trial court sentenced him to six years' imprisonment for home invasion and four years' imprisonment for criminal sexual assault. The sentences had to be consecutive. See 730 ILCS 5/5-8-4(a)(i), (a)(ii) (West 2006). Defendant timely appealed.

¶ 5    Defendant argues that his conviction of criminal sexual assault must be vacated because, as charged in the indictment, criminal sexual assault is a lesser included offense of home invasion.

¶ 6    The supreme court established the one-act, one-crime rule in *People v. King*, 66 Ill. 2d 551 (1977). Under that rule, multiple convictions are prohibited where the offenses are carved from the same physical act or where, with regard to multiple acts, one of the offenses

is a lesser included offense of the other. *King*, 66 Ill. 2d at 566; see *People v. Lindsey*, 324 Ill. App. 3d 193, 200 (2001). However, multiple convictions "should be permitted in all other cases where a defendant has committed several acts, despite the interrelationship of those acts." *King*, 66 Ill. 2d at 566. "Act" is intended to mean any "overt or outward manifestation which will support a different offense." *King*, 66 Ill. 2d at 566.

"Decisions following *King* have explained that the one-act, one-crime doctrine involves a two-step analysis. [Citation.] First, the court must determine whether the defendant's conduct involved multiple acts or a single act. Multiple convictions are improper if they are based on precisely the same physical act. Second, if the conduct involved multiple acts, the court must determine whether any of the offenses are lesser-included offenses. If an offense is a lesser-included offense, multiple convictions are improper." *People v. Miller*, 238 Ill. 2d 161, 165 (2010).

¶ 7        Here, defendant does not dispute that his conduct involved multiple acts. His home-invasion conviction was based not merely on his act of criminal sexual assault, but also on his act of entering the home. The entry was a distinct act that supported a different offense. See *People v. Rodriguez*, 169 Ill. 2d 183, 188-89 (1996) (defendant properly convicted of aggravated criminal sexual assault and home invasion where, although both counts alleged a sexual assault, defendant's unlawful entry into victim's bedroom was a separate act supporting a second conviction).

¶ 8        Defendant argues, however, that criminal sexual assault is a lesser included offense of home invasion. In *People v. Novak*, 163 Ill. 2d 93, 112-14 (1994), the supreme court held that the charging-instrument approach governs whether an *uncharged* offense is a lesser included offense of a *charged* offense. Initially, defendant based his argument on this approach, under which an offense is lesser included if it is described in the charging instrument. *Novak*, 163 Ill. 2d at 106-07. However, after defendant filed his initial brief, the supreme court held in *Miller*, 238 Ill. 2d at 173, that the abstract-elements approach applies where, as here, the issue is whether a *charged* offense is a lesser included offense of another *charged* offense. Under this approach, "If all of the elements of one offense are included within a second offense and the first offense contains no element not included in the second offense, the first offense is deemed a lesser-included offense of the second." *Miller*, 238 Ill. 2d at 166. Whether one charge is a lesser included offense of another is a legal question, which we review *de novo*. *People v. Nunez*, 236 Ill. 2d 488, 493 (2010).

¶ 9        As *Miller* explained, the abstract-elements approach is "the strictest approach in the sense that it is formulaic and rigid, and considers 'solely theoretical or practical impossibility.' In other words, it must be impossible to commit the greater offense without necessarily committing the lesser offense." *Miller*, 238 Ill. 2d at 166 (quoting *Novak*, 163 Ill. 2d at 106). In *Miller*, the issue was whether retail theft was a lesser included offense of burglary. The court held that it was not, as "it is possible to commit burglary without necessarily committing retail theft." *Miller*, 238 Ill. 2d at 176.

¶ 10       Likewise, here, it is possible to commit home invasion without necessarily committing criminal sexual assault. See, *e.g.*, 720 ILCS 5/12-11(a)(5) (West 2006) (a person can commit home invasion by entering and then "[p]ersonally discharg[ing] a firearm that proximately

causes," *inter alia*, a death). Further, even if we may consider only the statutory subsection under which defendant was charged, it is possible, even under that subsection, to commit home invasion without necessarily committing criminal sexual assault. See 720 ILCS 5/12-11(a)(6) (West 2006) (a person can commit home invasion by entering and then committing, *inter alia*, criminal sexual abuse). Thus, under the abstract-elements approach, criminal sexual assault is not a lesser included offense of home invasion.

¶ 11    Addressing *Miller* in his reply brief and on rehearing, defendant acknowledges that "subsection (a)(6) home invasion theoretically could be predicated on other sex crimes." However, he insists that, because the indictment "specifically charge[d]" that he committed home invasion by entering and then committing criminal sexual assault, it was impossible for him to commit home invasion, "[a]s charged," without committing the criminal sexual assault. Defendant, though, is merely reverting to the charging-instrument approach. Quite arguably, the indictment for home invasion described the criminal sexual assault, such that, under the charging-instrument approach, the criminal sexual assault was a lesser included offense. Although the abstract-elements approach does consider "the statutory elements of the *charged* offenses" (emphasis added) (*Miller*, 238 Ill. 2d at 175), it considers the charged offenses in the statutory abstract, not in terms of how they are framed in a particular charging instrument. As noted, it "considers 'solely theoretical or practical impossibility.' " *Miller*, 238 Ill. 2d at 166 (quoting *Novak*, 163 Ill. 2d at 106). When defendant admits that home invasion "theoretically could be predicated on" something other than criminal sexual assault, he essentially admits that his argument must fail.

¶ 12    Defendant asserts, however, that under section 12-11(a)(6) of the Criminal Code of 1961 (720 ILCS 5/12-11(a)(6) (West 2006)) home invasion is "analogous to felony murder, where the predicate felony is deemed to be a lesser-included offense of felony murder. *People v. Smith*, 183 Ill. 2d 425, 432 (1998)." *Smith*, of course, preceded *Miller*. However, in *Miller*, the supreme court stated that the abstract-elements approach is "equivalent" to "the same elements test" that is employed for double jeopardy purposes. *Miller*, 238 Ill. 2d at 174-75. The court then cited with approval an Arizona case that applied that test and held that, indeed, the predicate felony is a lesser included offense of felony murder. *Miller*, 238 Ill. 2d at 175 (citing *Lemke v. Rayes*, 141 P.3d 407, 413 (Ariz. Ct. App. 2006)). In *Lemke*, the court noted:

"[A]pplying the [same-elements] test, felony murder (based on an armed robbery predicate) is the same offense as armed robbery because armed robbery does not contain an element that is not also contained in felony murder. Indeed, the United States Supreme Court has consistently treated the predicate felony for felony murder and the felony-murder charge itself as the 'same offense' under the Double Jeopardy Clause. [Citations.] That armed robbery is typically only one of several felonies that may be the predicate for felony murder does not matter because, under *Harris* [*v. Oklahoma*, 433 U.S. 682 (1977) (*per curiam*)], the predicate felony in a felony-murder prosecution is treated 'as a species of lesser-included offense.' " *Lemke*, 141 P.3d at 414 (quoting *Illinois v. Vitale*, 447 U.S. 410, 420 (1980)).

Thus, we do not deny the viability of defendant's statement of the law as to felony murder. But the question remains whether felony murder is truly "analogous" to subsection (a)(6)

home invasion. We conclude that it is not.

¶ 13    To be sure, like felony murder (see 720 ILCS 5/9-1(a)(3) (West 2010)), subsection (a)(6) home invasion can be based on any of various predicates. However, critical to this inquiry is the fact that the same-elements test, and thus the abstract-elements test, is simply a rule of statutory construction:

"The assumption underlying the rule is that Congress *ordinarily* does not intend to punish the same offense under two different statutes. Accordingly, where two statutory provisions proscribe the 'same offense,' they are construed not to authorize cumulative punishments *in the absence of a clear indication of contrary legislative intent*." (Emphases added.) *Whalen v. United States*, 445 U.S. 684, 691-92 (1980).

Thus, a predicate of felony murder is "a species of lesser-included offense" (*Vitale*, 447 U.S. at 420) only because that classification is deemed to comport with legislative intent. See *Whalen*, 445 U.S. at 694 n.8 ("We have simply concluded that, [under the relevant statute], Congress intended rape to be considered a lesser offense included within the offense of a killing in the course of rape."). The question here, then, is whether treating a predicate of home invasion as an analogous species would *contravene* legislative intent. We hold that it would.

¶ 14    To commit felony murder, a person must attempt or commit a forcible felony "in performing the acts which cause the death." 720 ILCS 5/9-1(a)(3) (West 2010). Felony murder is still first-degree murder (720 ILCS 5/9-1(a)(3) (West 2010)); the felony merely "provides the *mens rea* as a substitute for an actual murderous mental state" (*People v. Holt*, 91 Ill. 2d 480, 485 (1982)). Because the felony supplies the mental state for first-degree murder, we can safely assume that the legislature did not intend to allow convictions of both the murder and the felony.

¶ 15    On the other hand, as the State points out, "[t]he gravamen of a home invasion offense is unauthorized entry." *People v. Braboy*, 393 Ill. App. 3d 100, 113 (2009). As relevant here, that gravamen is complete when a person "without authority *** knowingly enters the dwelling place of another when he or she knows *** that one or more persons is present." 720 ILCS 5/12-11(a) (West 2006). Although subsection (a)(6) home invasion requires the subsequent commission of, *e.g.*, a criminal sexual assault, that criminal sexual assault is, of course, a discrete offense with its own elements, including its own mental state. See 720 ILCS 5/12-13(a)(1) (West 2006); *People v. Terrell*, 132 Ill. 2d 178, 209 (1989) (mental state is implied). Whereas for felony murder the felony supplies the mental state for the murder–such that it is literally "included"–here the gravamen of the home invasion requires one criminal purpose, while the "predicate" offense (which actually occurs *subsequently*) requires a completely separate one. In that sense, the predicate is distinct.

¶ 16    Nor is the predicate necessarily "lesser." Subsection (a)(6) home invasion is a Class X felony (720 ILCS 5/12-11(c) (West 2006)) subject to a sentencing range of 6 to 30 years' imprisonment (730 ILCS 5/5-8-1(a)(3) (West 2006)). Criminal sexual assault is generally a Class 1 felony but under certain circumstances is a Class X felony subject to a sentencing range of 30 to 60 years. 720 ILCS 5/12-13(b)(1), (b)(2) (West 2006).

¶ 17    These facts demonstrate that the legislature could not have intended the result that

defendant proposes. Assume that a defendant commits a home invasion predicated on a criminal sexual assault that is subject to the extended sentence. If criminal sexual assault is deemed "a species of lesser-included offense" (*Vitale*, 447 U.S. at 420) of home invasion, the conviction of that offense would be vacated, even though the offense required (1) a criminal purpose *separate* from that for the gravamen of home invasion; and (2) a sentence *greater* than that for home invasion. Certainly, the defendant might receive the maximum sentence for home invasion; but the legislature's judgment as to the penalties for the defendant's offenses would be thwarted almost completely. In a very real way, the defendant would pay for his home invasion but not pay for the criminal sexual assault.

¶ 18    It is well settled that, in construing a statute, we may not presume that the legislature intended to create either absurdity or injustice. *People v. Zimmerman*, 239 Ill. 2d 491, 497 (2010). In this instance, defendant would have us presume that the legislature intended that a person could commit the gravamen of a home invasion, and receive punishment for same, but receive no separate punishment for even a more serious sex offense that he commits inside. This despite the fact that, in general, the legislature has insisted that sex offenses be punished not only separately, but consecutively. See 730 ILCS 5/5-8-4(a)(i), (a)(ii) (West 2006). We simply cannot imagine that the legislature intended the result that defendant proposes. It would be more than merely absurd and unjust; it would shock this court's collective conscience.

¶ 19    For these reasons, we conclude that criminal sexual assault is not a lesser included offense of home invasion. Thus, defendant's convictions of both offenses must stand.

¶ 20    The judgment of the circuit court of Kane County is affirmed.

¶ 21    Affirmed.