NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

EDGAR CABRERA, *Appellant*.

No. 1 CA-CR 14-0032
FILED 4-7-2015

Appeal from the Superior Court in Maricopa County
No.  CR2012-150362-001
The Honorable Hugh E. Hegyi, Judge

**AFFIRMED IN PART, VACATED IN PART**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Michael T. O'Toole
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Mikel Steinfeld
*Counsel for Appellant*

**MEMORANDUM DECISION**

Presiding Judge John C. Gemmill delivered the decision of the Court, in which Judge Kenton D. Jones and Judge Donn Kessler joined.

**G E M M I L L, Judge**:

¶1  Edgar Cabrera appeals his convictions and sentences on one count of aggravated assault, a class 2 dangerous felony, one count of assault,[1] a class 1 misdemeanor, and one count of resisting arrest, a class 6 felony. Cabrera filed a timely notice of appeal, and we have jurisdiction pursuant to A.R.S. §§ 12-120.21(A)(1), 13-4031, and 13-4033(A).

¶2  Cabrera argues that his convictions for aggravated assault in Count 1 and assault in Count 2, based on a single act, violated his constitutional right to protection from being "twice put in jeopardy for the same offense." We review double jeopardy claims de novo. *Lemke v. Reyes*, 213 Ariz. 232, 236-37, ¶ 10, 141 P.3d 407, 411-12 (App. 2006). In deciding whether a defendant has been tried and punished twice for the same offense, in violation of his double jeopardy rights, we apply the "same-elements" test, also referred to as the *Blockburger*[2] test, in which we inquire "whether each offense contains an element not contained in the other." *United States v. Dixon,* 509 U.S. 688, 696, 703-04, 711 (1993) (holding that "same-elements" test is the only test for double jeopardy bar, overruling the additional "same-conduct" test adopted by *Grady v. Corbin*, 495 U.S. 508 (1990).

¶3  The convictions in this case did not violate double jeopardy because each of the offenses contained an element not included in the other. Cabrera was charged and convicted of aggravated assault under A.R.S. §§ 13-1203(A)(1), -1204(A)(8)(a), and -1204(A)(2) in Count 1 for (1) knowingly; (2) *causing physical injury*; (3) to a peace officer engaged in official duties; and (4) using a vehicle, a dangerous instrument. Cabrera was likewise convicted of assault in Count 2 – described in the jury instructions and verdict form as a lesser-included offense of aggravated assault – for (1) intentionally; (2) placing *in reasonable apprehension of*

---

[1] In its sentencing order, the trial court recorded the Count 2 assault conviction as a misdemeanor based on A.R.S. § 13-1203(A)(2). In the jury instructions, however, the jury was asked to consider, as a lesser-included offense of aggravated assault, the simple assault elements of § 13-1203(A) *and* whether Cabrera knew that Officer D.G. was a "peace officer performing official duties," which is an aggravating element found in A.R.S. § 13-1204(A)(8)(2). Thus, the Count 2 "assault" conviction was apparently for aggravated assault although the court treated it as simple misdemeanor assault. Neither the State nor Cabrera has raised this issue on appeal and we therefore do not consider it. *See State v. Dawson*, 164 Ariz. 278, 282, 792 P.2d 741, 746 (1990) (noting that this court does not have jurisdiction to consider an illegally lenient sentence when the State has not filed an appeal or cross-appeal).

[2] *Blockburger v. United States*, 284 U.S. 299 (1932).

*imminent physical injury*; (3) a peace officer engaged in official duties. The two subsections of the simple (non-aggravated) assault statute, § 13-1203, on which these convictions were based – assault causing physical injury under (A)(1) and reasonable apprehension assault under (A)(2) – comprise distinct offenses, "not merely different manners of committing the same offense." *See State v. Waller*, 235 Ariz. 479, 488, ¶29, 333 P.3d 806, 815 (App. 2014); *State v. Freeney*, 223 Ariz. 110, 113, ¶¶16-20, 219 P.3d 1039, 1042 (2009). Moreover, because the conviction for Count 1 assault under § 13-1203(A)(1) required proof of causing physical injury and the conviction for Count 2 assault under § 13-1203(A)(2) required proof of intentionally placing the individual in reasonable apprehension of imminent physical injury, the Count 2 assault conviction was not a lesser-included offense of the Count 1 aggravated assault conviction. Cabrera's conviction on both offenses accordingly did not violate double jeopardy.

¶4        Nonetheless, under the peculiar circumstances of this case, we conclude it is appropriate for this court to vacate the misdemeanor assault conviction on Count 2. Although the indictment did not charge Counts 1 and 2 "in the alternative," the parties and the trial court nonetheless agreed to approach the case on that basis. In settling jury instructions, the court noted that prosecutor and defense counsel understood "going into this trial" that "defendant is only going to be sentenced" on one of the counts because they arose from the same set of facts. Moreover, the prosecutor agreed "[a]bsolutely" with defense counsel that defendant could not be convicted of both Count 1 and the lesser-included offense of Count 2. At sentencing, the judge said he recollected a discussion in chambers "with regard to whether the defendant could be convicted and sentenced to both counts one and two because they were in part alternate theories," and asked the prosecutor for his thoughts. The prosecutor responded, "I apologize. I completely forgot about it until it was brought up, but you're absolutely right. Counts one and two were alternative theories for the same alleged, now proven, criminal activity so it would be the State's request that the defendant be sentenced on count one and not sentenced on count two." The trial court later noted, regarding Count 2, that "as we discussed earlier . . . in essence it is an alternative theory to count one." It is unclear what the prosecutor intended by asking the court not to sentence Cabrera on his conviction on Count 2, because of his conviction on Count 1 (as opposed to simply seeking concurrent sentences on Counts 1 and 2). This court recently construed a similar request as an implicit request to dismiss that conviction. *See State v. Erivez*, 236 Ariz. 472, ___, ¶ 23-24, 314 P.3d 514, 518-19 (App. 2015).

¶5        In its sentencing minute entry, the court formally recorded the judgment of conviction on Count 2, designated it a class 1 misdemeanor, and then ordered:

Upon stipulation of the parties,

IT IS ORDERED terminally disposing of Count 2 as duplicative of Count 1.

IT IS FURTHER ORDERED releasing Defendant from custody as to Count 2.

The superior court apparently construed the prosecutor's various requests and comments on this issue to be an agreement to consider Counts 1 and 2 as though charged in the alternative, or the court would not have construed the counts as "duplicative." The parties on appeal, however, appear to have interpreted the trial court's "terminal disposition" of Count 2 as essentially sentencing Cabrera to time already served, for this misdemeanor conviction. Such an interpretation may be plausible, but we conclude that the trial court did not intend to impose a sentence on Cabrera for the Count 2 conviction of assault. Alternatively, if the court did intend to sentence Cabrera to time served on this misdemeanor conviction, such a sentence is contrary to the apparent understandings between the court and counsel that Counts 1 and 2 were viewed (although mistakenly) as having been charged in the alternative. On this unusual record and in accordance with the statements of the trial court and counsel during trial and sentencing, we conclude that the record must be made clear that there is no conviction on Count 2.

¶6 For the foregoing reasons, we vacate the misdemeanor assault conviction on Count 2. Cabrera's remaining convictions and sentences are affirmed.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama

4