NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

WILLIE WEATHERSPOON, *Petitioner*.

No. 1 CA-CR 18-0785 PRPC
FILED 4-25-2019

Petition for Review from the Superior Court in Maricopa County
No.  CR2014-101576-001
CR2014-144809-001
CR2015-001408-001
The Honorable John R. Doody, Judge *Pro Tempore*

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Adena J. Astrowsky
*Counsel for Respondent*

Willie Weatherspoon, Douglas
*Petitioner*

---

**MEMORANDUM DECISION**

Judge Jennifer M. Perkins delivered the decision of the Court, in which Presiding Judge Diane M. Johnsen and Judge Michael J. Brown joined.

---

**P E R K I N S**, Judge:

¶1        Willie Weatherspoon petitions this court for review of the dismissal of his petition for post-conviction relief ("PCR") of-right pursuant to Arizona Rule of Criminal Procedure 32.1. We have considered the petition for review and, for the reasons stated, grant review and deny relief.

¶2        Weatherspoon pleaded guilty to multiple offenses charged in three separate indictments and received concurrent terms of probation. After Weatherspoon violated probation, the court sentenced him to two concurrent prison sentences and one prison sentence that was to run consecutively to the concurrent sentences.

¶3        In his petition for PCR, Weatherspoon raised two claims for relief: that the consecutive sentences violated the constitutional and statutory protections against double punishment and that his counsel was ineffective for failing to object to the consecutive sentences. The superior court denied both claims for relief. In his petition for review, Weatherspoon raises the same two claims.

¶4        We will not disturb a superior court's ruling on a petition for PCR unless the court abused its discretion. *State v. Gutierrez*, 229 Ariz. 573, 566–77, ¶ 19 (2012). The petitioner has the burden to show the court abused its discretion. *See State v. Poblete*, 227 Ariz. 537, 538, ¶ 1 (App. 2011).

¶5        The Double Jeopardy Clauses of the United States and Arizona Constitutions protect against multiple punishments for the same offense. *State v. McPherson*, 228 Ariz. 557, 559–60, ¶ 5 (App. 2012). Arizona law also protects against double punishment for a single offense. Ariz. Rev. Stat. ("A.R.S.") § 13-116 (2019). In this case, Weatherspoon was sentenced to concurrent prison sentences for possession of marijuana and aggravated assault that occurred, respectively, on October 12, 2013, and January 15, 2015. He was sentenced to a consecutive prison term for a burglary committed on January 1, 2014. Weatherspoon's consecutive sentences stem from convictions for separate offenses with separate underlying conduct. Thus, the court's imposition of consecutive sentences for separate offenses

does not constitute "multiple punishments for the same offense" as prohibited by the United States and Arizona Constitutions and by A.R.S. § 13-116. *Lemke v. Reyes*, 213 Ariz. 232, 236–37, ¶ 10.

**¶6** Weatherspoon argues his counsel's failure to object to the consecutive sentences constitutes ineffective assistance. As explained *supra*, Weatherspoon's consecutive sentences are legal. Therefore, his counsel did not perform deficiently by failing to object to the legal sentences.

**¶7** The superior court did not abuse its discretion in denying Weatherspoon's PCR. Accordingly, we grant review and deny relief.



AMY M. WOOD • Clerk of the Court
FILED: AA