NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA,
*Appellee*,

*v.*

ROBERT PAUL CAMPBELL, JR.,
*Appellant*.

No. 1 CA-CR 18-0467
FILED 8-27-2019

Appeal from the Superior Court in Maricopa County
No.  CR2015-005657-001
The Honorable William R. Wingard, Judge *Pro Tempore*

**AFFIRMED IN PART; VACATED IN PART**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

KBUnited, LLC, Phoenix
By Kerrie M. Droban
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Diane M. Johnsen delivered the decision of the Court, in which Judge Michael J. Brown and Judge Jennifer M. Perkins joined.

---

**J O H N S E N**, Judge:

**¶1**        Robert Paul Campbell, Jr. timely filed this appeal in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), following his convictions of possession of marijuana, a Class 6 felony, and possession of marijuana for sale, a Class 4 felony. Campbell's counsel has searched the record on appeal and found no arguable question of law that is not frivolous. *See Smith v. Robbins*, 528 U.S. 259, 284 (2000); *Anders*, 386 U.S. at 744; *State v. Clark*, 196 Ariz. 530, 537 (App. 1999). Campbell was given the opportunity to file a supplemental brief but did not do so. Counsel asks this court to search the record for fundamental error.

**¶2**        This court's review of the record revealed a possible double jeopardy violation, and we ordered briefing pursuant to *Penson v. Ohio*, 488 U.S. 75 (1988). For the reasons that follow, we vacate Campbell's conviction of possession of marijuana and the resulting sentence but affirm his conviction and the sentence imposed for possession of marijuana for sale.

**FACTS AND PROCEDURAL BACKGROUND**

**¶3**        As police surveilled a home they suspected was being used to sell drugs, they saw Campbell leave the home with a bulky orange bag and enter a vehicle parked nearby.[1] The vehicle then drove away, and police eventually stopped it. Officers who approached the vehicle noticed a strong smell of marijuana and saw a small plastic bag of marijuana behind the driver's seat. A search of the vehicle revealed the orange bag, which contained four packages of marijuana. Police also searched the home Campbell had left and found more marijuana, a scale, bags, ledgers and cash.

---

[1]        Upon review, we view the facts in the light most favorable to sustaining the jury's verdicts and resolve all inferences against Campbell. *State v. Payne*, 233 Ariz. 484, 509, ¶ 93 (2013).

¶4            The State charged Campbell with one count of transporting marijuana for sale (Count 1) and one count of possession of marijuana for sale (Count 2).  After a five-day trial, the jury found Campbell guilty of Count 2 and, on Count 1, guilty of possession of marijuana, a lesser-included offense of transporting marijuana for sale.  Campbell later admitted to four prior felonies, and the court sentenced him as a category-three repetitive offender to concurrent, presumptive terms of 3.75 years' and 10 years' imprisonment for Counts 1 and 2, respectively, with 133 days' presentence incarceration credit.

¶5            Campbell timely appealed.  We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, and Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1) (2019), 13-4031 (2019) and -4033(A)(1) (2019).[2]

## DISCUSSION

### A.    Double Jeopardy Violation.

¶6            The Double Jeopardy Clauses of the United States and Arizona Constitutions protect criminal defendants from multiple convictions and punishments for the same offense.  *See Lemke v. Rayes*, 213 Ariz. 232, 236, ¶ 10 (App. 2006); *see also* U.S. Const. amend. V; Ariz. Const. art. 2, § 10.  "[W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not."  *Blockburger v. United States*, 284 U.S. 299, 304 (1932); *see also State v. Eagle*, 196 Ariz. 188, 190, ¶ 6 (2000).  Thus, a defendant may not be convicted of both an offense and its lesser-included offense because they are considered the "same offense" for double jeopardy purposes.  *Lemke*, 213 Ariz. at 238-39, ¶¶ 16-18.  An offense is a lesser-included of another when, "by its very nature, [it is] always a constituent part of the greater offense."  *State v. Chabolla-Hinojosa*, 192 Ariz. 360, 363, ¶ 12 (App. 1998).  Possession of marijuana is a lesser-included offense of possession of marijuana for sale.  *State v. Moroyoqui*, 125 Ariz. 562, 568 (App. 1980); *see also State v. Cheramie*, 218 Ariz. 447, 449, ¶ 12 (2008) (citing *Moroyoqui* with approval).

¶7            There is no double-jeopardy violation if the two convictions are based on separate acts.  *Cf. Chabolla-Hinojosa*, 192 Ariz. at 365, ¶ 21

---

[2]       Absent material revision after the date of an alleged offense, we cite a statute's current version.

(double jeopardy when one charge is "incidental" to the other). In its *Penson* brief, the State concedes that it

> tr[ied] the possession for sale charge (Count 2) as applying to both the marijuana found in the vehicle as well as the marijuana found in the house. Therefore, the possession conviction (Count 1) should be deemed "incidental" to and part of the "same act" as the possession for sale conviction.

We agree and vacate Campbell's conviction for possession of marijuana.

## B.      Due Process Review.

¶8          The record reflects Campbell received a fair trial. He was represented by counsel at all critical stages of the proceedings against him and was present at all critical stages, except for a brief period during trial when he waived his presence. The court held appropriate pretrial hearings. The State presented both direct and circumstantial evidence sufficient to allow the jury to convict.

¶9          Under Article 2, Section 23 of the Arizona Constitution, a jury of 12 members must be seated when a criminal defendant is on trial for charges that carry a potential sentence of 30 or more years. Although the charges against Campbell carried potential aggravated sentences of more than 30 years, the jury was comprised of only eight members. *See* A.R.S. §§ 13-703(C), (J), -3405(A)(2), (A)(4), (B)(10) (2019). In *State v. Soliz*, 223 Ariz. 116 (2009), the supreme court held that when a court empanels only eight jurors in such a situation, it must impose a sentence of less than 30 years. *See Soliz*, 223 Ariz. at 119-20, ¶¶ 12-13, 16. Here, consistent with that requirement, the superior court imposed a sentence of less than 30 years.

¶10          The court properly instructed the jury on the elements of the charge, the State's burden of proof and the necessity of a unanimous verdict. The jury returned guilty verdicts, and, although neither party requested the court poll the jury, the record does not suggest a question about unanimity. The court received and considered a presentence report, addressed its contents during the sentencing hearing and imposed a legal sentence for the crime of which Campbell properly was convicted.

### CONCLUSION

¶11          We vacate Campbell's conviction and sentence on the charge of possession of marijuana, but affirm his conviction and resulting sentence on the remaining charge. *See Leon*, 104 Ariz. at 300. Although the court

granted Campbell one more day of presentence incarceration credit than was warranted, absent a cross-appeal by the State, we will not correct the sentence. *State v. Dawson*, 164 Ariz. 278, 286 (1990).

**¶12** Defense counsel's obligations pertaining to Campbell's representation in this appeal have ended. Counsel need do no more than inform Campbell of the outcome of this appeal and his future options, unless, upon review, counsel finds "an issue appropriate for submission" to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584-85 (1984). On the court's own motion, Campbell has 30 days from the date of this decision to proceed, if he wishes, with a *pro per* motion for reconsideration. Campbell has 30 days from the date of this decision to proceed, if he wishes, with a *pro per* petition for review.



AMY M. WOOD • Clerk of the Court
FILED: AA