Docket No. 107878.

# IN THE
# SUPREME COURT
# OF
# THE STATE OF ILLINOIS

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. JOHNNY L. MILLER, Appellee.

*Opinion filed September 23, 2010.*

JUSTICE BURKE delivered the judgment of the court, with opinion.

Chief Justice Fitzgerald and Justices Freeman, Thomas, Kilbride, Garman, and Karmeier concurred in the judgment and opinion.

## OPINION

In *People v. King*, 66 Ill. 2d 551, 566 (1977), this court held that when the State charges a defendant with multiple offenses that arise "from a series of incidental or closely related acts and the offenses are not, by definition, lesser included offenses" multiple convictions and sentences can be entered. The question we must decide in this case is whether, in determining when one offense is a lesser-included offense of another under *King*, a court should employ the "charging instrument" approach or the "abstract elements" approach. For the reasons that follow, we hold that the abstract elements approach is the proper analysis to employ.

Background

On December 16, 2004, the defendant, Johnny L. Miller, entered a Walgreens drugstore in Elgin and was observed placing items in his jacket. Predraqe Mrkalj, a security guard, stopped defendant as he was leaving the store. Defendant agreed to accompany Mrkalj and Jim McElmury, the store manager, to an office within the store. There, defendant removed more than 20 items from his jacket. Defendant then pulled a knife out, pointed it at Mrkalj and McElmury, and fled. A woman in a car outside the store picked up defendant and drove off. However, McElmury was able to obtain the license plate number of the car and defendant was subsequently arrested.

Thereafter, defendant was charged with burglary, retail theft, and aggravated assault. The burglary indictment alleged that "defendant, without authority, knowingly entered a building of Walgreen's *** with the intent to commit therein a theft." The retail theft indictment alleged that "defendant knowingly took possession of certain merchandise for sale in a retail mercantile establishment, Walgreen's, *** being certain items, having a total value in excess of $150.00, with the intention of depriving the merchant, Walgreen's, permanently of the possession of such merchandise, without paying the full retail value of such merchandise." The aggravated assault charge stemmed from defendant pointing the knife at Mrkalj and McElmury.

Following a jury trial in the circuit court of Kane County, at which defendant represented himself, the jury returned guilty verdicts on each count. Defendant filed a motion for a new trial, but did not include a claim that retail theft was a lesser-included offense of burglary. The motion was denied. Thereafter, defendant was sentenced to one year of imprisonment on the aggravated assault conviction, seven years on the burglary, and six years on the retail theft, all to run concurrently. Defendant's motion to reduce sentence as excessive was denied.

On direct appeal, defendant argued that his retail theft conviction must be vacated because it is a lesser-included offense of burglary and, pursuant to *King*, convictions cannot be imposed for both a greater offense and a lesser-included offense. The appellate court agreed and reversed defendant's conviction. No. 2–06–1211

-2-

(unpublished order under Supreme Court Rule 23).

The appellate court held that, although defendant did not raise the lesser-included offense claim in his posttrial motion, it would review the alleged error under the plain-error doctrine. Applying the charging instrument approach for deciding when an offense is lesser-included, the appellate court concluded that, because the indictment for burglary alleged that defendant entered the store "with the intent to commit a theft therein," it alleged the "main outline" of retail theft and, therefore, that retail theft was a lesser-included offense of burglary. Accordingly, the court held that defendant's conviction for retail theft had to be vacated under *King*. In reaching this holding, the appellate court declined to follow *People v. Poe*, 385 Ill. App. 3d 763 (2008), wherein the court rejected the charging instrument approach and instead applied the abstract elements approach to determine that theft was not a lesser-included offense of burglary under *King*.

We granted the State's petition for leave to appeal. 177 Ill. 2d R. 315.

Analysis

In *King*, this court set forth what has come to be known as the one-act, one-crime doctrine:

> "Prejudice results to the defendant only in those instances where more than one offense is carved from the same physical act. Prejudice, with regard to multiple acts, exists only when the defendant is convicted of more than one offense, some of which are, by definition, lesser included offenses. Multiple convictions and concurrent sentences should be permitted in all other cases where a defendant has committed several acts, despite the interrelationship of those acts. 'Act,' when used in this sense, is intended to mean any overt or outward manifestation which will support a different offense. We hold, therefore, that when more than one offense arises from a series of incidental or closely related acts and the offenses are not, by definition, lesser included offenses, convictions with concurrent sentences can be entered." *King*, 66 Ill. 2d at 566.

Decisions following *King* have explained that the one-act, one-crime doctrine involves a two-step analysis. *People v. Rodriguez*, 169 Ill. 2d 183, 186 (1996). First, the court must determine whether the

-3-

defendant's conduct involved multiple acts or a single act. Multiple convictions are improper if they are based on precisely the same physical act. Second, if the conduct involved multiple acts, the court must determine whether any of the offenses are lesser-included offenses. If an offense is a lesser-included offense, multiple convictions are improper. *Rodriguez*, 169 Ill. 2d at 186. The present case is concerned solely with the second step of the *King* analysis and whether retail theft is a lesser-included offense of burglary.

Section 2–9 of the Criminal Code of 1961 defines a lesser-included offense as an offense established by proof of lesser facts or mental state, or both, than the charged offense. 720 ILCS 5/2–9 (West 2004). This court has noted that this definition provides little guidance because it does not "specify what source to examine in deciding whether a particular offense is a lesser included offense of another." *People v. Novak*, 163 Ill. 2d 93, 106 (1994); see also *People v. Kolton*, 219 Ill. 2d 353, 360 (2006); *People v. Bryant*, 113 Ill. 2d 497, 505 (1986); *People v. Mays*, 91 Ill. 2d 251, 255 (1982). In the absence of statutory direction, we have identified three possible methods for determining whether a certain offense is a lesser-included offense of another: (1) the "abstract elements" approach; (2) the "charging instrument" approach; and (3) the "factual" or "evidence" adduced at trial approach. *Novak*, 163 Ill. 2d at 106.

Under the abstract elements approach, a comparison is made of the statutory elements of the two offenses. If all of the elements of one offense are included within a second offense and the first offense contains no element not included in the second offense, the first offense is deemed a lesser-included offense of the second. *Novak*, 163 Ill. 2d at 106; *Kolton*, 219 Ill. 2d at 360. Although this approach is the most clearly stated and the easiest to apply (J. Ettinger, *In Search of a Reasoned Approach to the Lesser Included Offense*, 50 Brook. L. Rev. 191, 198 (Winter 1984)), it is the strictest approach in the sense that it is formulaic and rigid, and considers "solely theoretical or practical impossibility." In other words, it must be impossible to commit the greater offense without necessarily committing the lesser offense. *Novak*, 163 Ill. 2d at 106; *Kolton*, 219 Ill. 2d at 360.

Under the charging instrument approach, the court looks to the charging instrument to see whether the description of the greater offense contains a "broad foundation" or "main outline" of the lesser

offense. *Kolton*, 219 Ill. 2d at 361. The indictment need not explicitly state all of the elements of the lesser offense as long as any missing element can be reasonably inferred from the indictment allegations. This is the intermediate approach. *Kolton*, 219 Ill. 2d at 361.

Lastly, under the evidence or facts approach, the court looks to the facts adduced at trial to determine whether proof of the greater offense necessarily established the lesser offense. This is the broadest and most lenient approach of the three. *Kolton*, 219 Ill. 2d at 360-61.

In the case at bar, the appellate court applied the charging instrument approach to determine whether retail theft is a lesser-included offense of burglary under *King*. The State contends that this was error. The State acknowledges that *King* itself did not expressly state which approach was to be used in determining whether one offense is a lesser-included offense of another. However, the State contends that the language used in *King* indicates that the court must have applied the abstract elements approach. For example, in setting forth the test to be applied, the court in *King* stated: "when more than one offense arises from a series of incidental or closely related acts and the offenses are not, *by definition*, lesser included offenses, convictions with concurrent sentences can be entered." (Emphasis added.) *King*, 66 Ill. 2d at 566. Applying this test, *King* then upheld the defendant's multiple convictions (for burglary with intent to commit rape and rape) because, as the court stated, each offense required "*proof of a different element*." (Emphasis added.) *King*, 66 Ill. 2d at 566. The State notes that the abstract elements approach requires the court to examine offenses as defined by statute and compare the offenses to see if different elements exist. Thus, according to the State, when the court in *King* used the terminology, "by definition" and "proof of a different element," the court was necessarily employing the abstract elements approach.

Defendant contends, however, that even if this court did employ the abstract elements approach in *King*, we did not hold that courts "were required" to do so. Moreover, defendant notes that in two decisions issued subsequent to *King*, *Rodriguez* and *People v. McLaurin*, 184 Ill. 2d 58 (1998), this court applied the charging instrument approach to determine whether one offense was a lesser-included offense of another under the one-act, one-crime doctrine. In *Rodriguez*, the defendant was charged and convicted of, *inter alia*,

aggravated criminal sexual assault and home invasion. "[B]ased on the allegations in the indictment," we concluded that home invasion was not a lesser-included offense of aggravated criminal sexual assault because the indictment referred to different conduct for each offense. *Rodriguez*, 169 Ill. 2d at 190.

In *McLaurin*, defendant was charged and convicted of, among other things, intentional first degree murder and home invasion. On appeal, the defendant contended that, under the facts of the case, home invasion was a lesser-included offense of murder and that his conviction for home invasion had to be vacated. Applying the charging instrument approach, we concluded that the indictment in that case did not set out the main outline of home invasion and, therefore, home invasion was not a lesser-included offense of intentional murder. *McLaurin*, 184 Ill. 2d at 104-05.

Defendant maintains that "[e]ven if the use of the charging instrument approach in *Rodriguez* and *McLaurin* represented a shift away from the approach used in *King*, this Court was well within its power to make that shift." Defendant contends, therefore, that the appellate court was correct to apply the charging instrument approach in the case at bar.

The State argues, however, that *Rodriguez* and *McLaurin* do not control the present case. The State points out that, in applying the charging instrument approach, both *Rodriguez* and *McLaurin* cited this court's decision in *Novak*. In *Novak*, this court considered the different approaches for determining whether one offense is a lesser-included offense of another, and concluded that the charging instrument approach was the preferred analysis to employ. *Novak*, 163 Ill. 2d at 112-14. However, *Novak* involved a defendant's request for a lesser-included offense instruction for an *uncharged* crime, not whether, under the one-act, one-crime doctrine, one *charged* crime is a lesser-included offense of another *charged* crime. The State maintains that this distinction is significant. According to the State, it may be appropriate to apply the charging instrument approach when the lesser-included offense doctrine is used to determine whether a defendant may be convicted of an uncharged offense or whether a defendant is entitled to a jury instruction for an uncharged offense, but it is not appropriate to apply the charging instrument approach for determining whether a defendant may be convicted of multiple

charged offenses. The State's position finds support in case law.

In *People v. Reed*, 38 Cal. 4th 1224, 137 P.3d 184, 45 Cal. Rptr. 353 (2006), the California Supreme Court addressed what approach should be used to determine whether one offense is a lesser-included offense of another where multiple *charged* offenses are at issue. The court began its analysis by discussing when a defendant may be convicted of an *uncharged* offense. The *Reed* court noted: "[a] defendant may be convicted of an uncharged crime if, but only if, the uncharged crime is necessarily included in the charged crime." *Reed*, 38 Cal. 4th at 1227, 137 P.3d at 186, 45 Cal. Rptr. at 355. According to the court, " ' "[t]his reasoning rests upon a constitutional basis: 'Due process of law requires that an accused be advised of the charges against him in order that he may have a reasonable opportunity to prepare and present his defense and not be taken by surprise by evidence offered at his trial.' [Citation.]" ' " *Reed*, 38 Cal. 4th at 1227, 137 P.3d at 186, 45 Cal. Rptr. at 355-56.

In deciding whether an uncharged offense is necessarily included within the charged offense, California applies a combination of two tests: the statutory elements test (akin to our abstract elements test) and the accusatory pleading test (akin to our charging instrument test). The question before the *Reed* court was whether *only* the statutory elements approach applied "to determine whether a defendant may be convicted of multiple charged offenses" or whether both tests should be used as in the case of uncharged offenses. *Reed*, 38 Cal. 4th at 1228, 137 P.3d at 186, 45 Cal. Rptr. at 356. The court concluded that only the statutory elements test applied when determining whether multiple charged convictions were proper, finding "little reason" to apply both tests in such situations. *Reed*, 38 Cal. 4th at 1229, 137 P.3d at 187, 45 Cal. Rptr. at 357.

The *Reed* court noted that the accusatory pleading test "arose to ensure that defendants receive notice before they can be convicted of an uncharged crime." *Reed*, 38 Cal. 4th at 1229, 137 P.3d at 187, 45 Cal. Rptr. at 357. Thus, the court reasoned that because a defendant is entitled to notice of any possible charges he faces, " 'it makes sense to look to the accusatory pleading (as well as the elements of the crimes) in deciding whether a defendant had adequate notice of an uncharged lesser offense so as to permit conviction of that uncharged offense.' [Citation.]" *Reed*, 38 Cal. 4th at 1229, 137 P.3d at 187-88,

45 Cal. Rptr. at 357. However, the court then stated, "[b]ut this purpose has no relevance to deciding whether a defendant may be convicted of multiple charged offenses. '[I]t makes no sense to look to the pleading, rather than just the legal elements, in deciding whether conviction of two charged offenses is proper. Concerns about notice are irrelevant when both offenses are separately charged... .' [Citation.]" *Reed*, 38 Cal. 4th at 1229-30, 137 P.3d at 188, 45 Cal. Rptr. at 357.

The *Reed* court then found that applying the accusatory pleading test to charged crimes could lead to absurd results. The court noted that one can easily commit robbery without murdering someone and vice versa and that a conviction for both crimes would be warranted. However, if the State alleged in the charging document, in connection with the robbery, "that the force used in the crime consisted of killing the victim with malice, then, as alleged, the defendant could not have committed the robbery without also committing murder." *Reed*, 38 Cal. 4th at 1230, 137 P.3d at 188, 45 Cal. Rptr. at 358. As such, "[i]f the accusatory pleading test applied, conviction of both crimes would be impermissible. Moreover, the *murder* would be necessarily included in the *robbery*, not the other way around, which presumably would require vacating the murder conviction." (Emphases in original.) *Reed*, 38 Cal. 4th at 1230, 137 P.3d at 188, 45 Cal. Rptr. at 358. The *Reed* court concluded: "[t]his outcome would be absurd ***." *Reed*, 38 Cal. 4th at 1230, 137 P.3d at 188, 45 Cal. Rptr. at 358.

The defendant in *Reed* argued: " '[j]ust as a 'rose is a rose is a rose is a rose' [citation], a lesser included offense is a lesser included offense is a lesser included offense' " and that the court must "maintain a 'logical consistency' in the definition of necessarily included offense 'to make the scheme workable and logical.' " *Reed*, 38 Cal. 4th at 1230-31, 137 P.3d at 188, 45 Cal. Rptr. at 358. The court rejected this argument, finding "it is logically consistent to apply the accusatory pleading test when it is logical to do so (to ensure adequate notice) but not when it is illogical to do so (when doing so merely defeats the legislative policy permitting multiple conviction[s])." *Reed*, 38 Cal. 4th at 1231, 137 P.3d at 188, 45 Cal. Rptr. at 358.

Ultimately, the *Reed* court held: "Our conclusion results in a straightforward overall rule: Courts should consider the statutory

elements and accusatory pleading in deciding whether a defendant received notice, and therefore may be convicted, of an *uncharged* crime, but only the statutory elements in deciding whether a defendant may be convicted of multiple *charged* crimes." (Emphases in original.) *Reed*, 38 Cal. 4th at 1231, 137 P.3d at 188, 45 Cal. Rptr. at 358. See also *People v. Leal*, 180 Cal. App. 4th 782, 103 Cal. Rptr. 3d 351 (2009) (applying statutory elements test to determine whether the defendant could be convicted of multiple charged crimes).

In *People v. Poe*, 385 Ill. App. 3d 763 (2008), our appellate court echoed much of the reasoning of *Reed*. In *Poe*, the defendant was charged and convicted of both theft and burglary. On appeal, the defendant contended that, under the charging instrument approach, his conviction for theft was a lesser-included offense of burglary and, therefore, had to be vacated under *King*.

Citing to decisions from this court such as *Novak* and *People v. Hamilton*, 179 Ill. 2d 319 (1997), the appellate court acknowledged that the charging instrument approach applied when determining "whether a particular crime is a lesser-included offense for purposes of jury instructions or convicting one of uncharged crimes in bench trials." *Poe*, 385 Ill. App. 3d at 769. However, the court went on to conclude that the concerns which necessitated the application of the charging instrument approach for determining whether a defendant was entitled to a jury instruction on an uncharged offense, *i.e.*, giving the jury a third option to find the defendant guilty of a lesser offense, were "logically not related to" the concerns at issue in *King*. *Poe*, 385 Ill. App. 3d at 769. Looking to the elements of the offenses at issue, the appellate court then noted that " '[b]urglary does not require a taking and theft does not require an entry.' " *Poe*, 385 Ill. 3d at 766, quoting *People v. Johnson*, 103 Ill. App. 3d 564, 567 (1982). For that reason, the court concluded that theft was not a lesser-included offense of burglary and affirmed the defendant's convictions. See also *People v. Bridgewater*, 388 Ill. App. 3d at 787, 802 (2009) (adopting the reasoning of *Poe*).

We agree with the analysis of *Reed* and *Poe*. The justifications for using the charging instrument approach with respect to uncharged offenses–the importance of providing notice to the parties of what offenses a defendant may be convicted of based on the particular facts of the crime and what instructions may be sought–have no

applicability when dealing with charged offenses. When charged offenses are at issue, a defendant has notice of what the State seeks to convict him of and is able to prepare and present a defense. As the court in *Reed* commented, notice is simply not an issue. Moreover, as a defendant is charged with both offenses, the jury will be instructed on both and, thus, given "the option" to convict him of only the less serious offense.

Likewise, allowing convictions on both charged offenses, under the abstract elements test, will ensure that defendants are held accountable for the full measure of their conduct and harm caused. As the *Reed* court noted, it is illogical to apply the charging instrument approach when it would defeat legislative intent. Relevant here, the legislature has enacted two separate offenses, burglary and theft. Had the legislature intended that a defendant could only be convicted of one of them where they are based on conduct that occurred during the same criminal transaction, it clearly could have said so. It did not. Accordingly, we find no reason to apply the charging instrument approach when a defendant is charged with multiple offenses and the issue is whether, under *King*, one offense is a lesser-included offense of the other.

We further agree with the State that *McLaurin* and *Rodriguez* do not compel a different result. Nothing in *McLaurin* or *Rodriguez* suggests that either party in those cases raised the issue of whether *King* required the use of the abstract elements approach. Moreover, there was no reason for this court to raise the issue on its own. Because neither of the defendants in *McLaurin* or *Rodriguez* could prevail under the broader charging instrument approach, there was no need to consider whether their arguments would succeed under the abstract elements approach. In short, today's opinion represents the first occasion for this court to consider, with the benefit of briefing and argument, which approach should be applied under the one-act, one-crime doctrine to determine whether one offense is a lesser-included offense of another.

Finally, we note that our decision here is consistent with principles of double jeopardy. The double jeopardy clause protects against, *inter alia*, multiple punishments for the same offense. *United States v. Halper*, 490 U.S. 435, 448-49, 104 L. Ed. 2d 487, 502, 109 S. Ct. 1892, 1902 (1989); *Justices of Boston Municipal Court v.*

*Lydon*, 466 U.S. 294, 306, 80 L. Ed. 2d 311, 323, 104 S. Ct. 1805, 1812 (1984); *United States v. Wilson*, 420 U.S. 332, 343, 43 L. Ed. 2d 232, 241, 95 S. Ct. 1013, 1021 (1975); *People v. Gray*, 214 Ill. 2d 1, 6 (2005). Under double jeopardy principles, an offense and any lesser-included offense are considered to be the "same offense." *Brown v. Ohio*, 432 U.S. 161, 168, 53 L. Ed. 2d 187, 195-96, 97 S. Ct. 2221, 2226-27 (1977); *Rutledge v. United States*, 517 U.S 292, 297, 134 L. Ed. 2d 419, 426, 116 S. Ct. 1241, 1245 (1996); *People v. Pinkonsly*, 207 Ill. 2d 555, 564-65 (2003). To determine whether an offense is a lesser-included offense and, thus, the same as the greater offense for double jeopardy purposes, the United States Supreme Court employs the same elements test (see generally 50 Brook. L. Rev. at 200), the equivalent of the abstract elements approach which we have adopted in the case at bar.

Notably, other courts have recognized a distinction between applying the charging instrument approach in the context of uncharged offenses and applying the statutory or abstract elements approach for purposes of double jeopardy. For example, in *State v. Baker*, 456 So. 2d 419 (Fla. 1984), the Florida Supreme Court concluded that the charging instrument approach might be appropriate in defining a lesser-included offense for purposes of instructing the jury on an uncharged offense, but that it played no role in double jeopardy analysis. The court explained:

> " 'Lesser included offense' in regard to jury alternatives is different from what that term means in regard to double jeopardy. The former implements the nonconstitutional right of an accused to an instruction which gives the jury an opportunity to convict of an offense with less severe punishment than the crime charged. The latter, on the other hand, involves distinguishing offenses in order to protect against multiple prosecutions for the same crime." *Baker*, 456 So. 2d at 422.

See also *Lemke v. Rayes*, 213 Ariz. 232, 238, 141 P.3d 407, 413 (2006) (citing *Baker* and finding that lesser-included offenses in connection with jury alternatives has a different meaning than in connection with double jeopardy and applying the same elements test to conclude that the defendant could not be convicted of both charged offenses of armed robbery and felony murder).

-11-

Having determined that the abstract elements approach is the proper analysis to employ in the case at bar, we now look to the statutory elements of the charged offenses to determine whether theft is a lesser-included offense of burglary. We find that it is not. Under section 19–1, "(a) A person commits burglary when without authority he knowingly enters or without authority remains within a building, *** with intent to commit therein a felony or theft" 720 ILCS 5/19–1 (West 2004). Under section 16A–3, "[a] person commits the offense of retail theft when he or she knowingly: (a) Takes possession of, *** any merchandise displayed, held, stored or offered for sale in a retail mercantile establishment *** with the intention of depriving the merchant permanently of the possession, use or benefit of such merchandise without paying the full retail value of such merchandise." 720 ILCS 5/16A–3 (West 2004).

Not all of the elements of retail theft are included in the offense of burglary and retail theft contains elements that are not included in burglary. Retail theft requires a "taking" whereas burglary does not. Likewise, retail theft requires that the defendant fail to pay for the merchandise. Burglary does not. Lastly, the requisite intents of each offense are different. Thus, it is possible to commit burglary without necessarily committing retail theft. Accordingly, we conclude that retail theft is not a lesser-included offense of burglary and, therefore, both of defendant's convictions can stand under *King*.


Conclusion

We conclude that the abstract elements approach applies to determine whether one charged offense is a lesser-included offense of another under *King*. We further conclude that theft is not a lesser-included offense of burglary under that approach. Accordingly, we reverse the judgment of the appellate court and affirm the judgment of the circuit court.

*Appellate court judgment reversed;*
*circuit court judgment affirmed.*