# Illinois Official Reports

## Appellate Court

<div style="border:1px solid black">

### *People v. McCloud*, 2020 IL App (3d) 180241

</div>

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JOSEPH F. McCLOUD, Defendant-Appellant. |
| District & No. | Third District<br>No. 3-18-0241 |
| Rule 23 order filed<br>Motion to<br>publish allowed<br>Opinion filed | August 13, 2020<br><br>September 4, 2020<br>September 4, 2020 |
| Decision Under Review | Appeal from the Circuit Court of Will County, No. 17-CF-752; the Hon. Amy M. Bertani-Tomczak, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | James E. Chadd and Thomas A. Karalis, of State Appellate Defender's Office, of Ottawa (Nathaniel A. Nieman, of The Law Centre, of Rock Island, of counsel), for appellant.<br><br>James W. Glasgow, State's Attorney, of Joliet (Patrick Delfino, Thomas D. Arado, and Richard T. Leonard, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |

Panel                    JUSTICE WRIGHT delivered the judgment of the court, with opinion.
                         Justices Holdridge and McDade concurred in the judgment and
                         opinion.


## OPINION

¶ 1        Defendant, Joseph F. McCloud, appeals his convictions for criminal sexual abuse, unlawful restraint, and battery. Defendant argues that his multiple convictions violate the one-act, one-crime rule and constitute plain error. We affirm.

¶ 2                                I. BACKGROUND

¶ 3        The State charged defendant by criminal complaint with criminal sexual abuse (720 ILCS 5/11-1.50(a)(1), (d) (West 2016)), unlawful restraint (*id.* § 10-3), battery (*id.* § 12-3(a)(2), (b)), and criminal trespass to real property (*id.* § 21-3(a)(2), (h)). The State dismissed the criminal trespass charge prior to trial. Count I of the complaint alleged that defendant committed criminal sexual abuse, a Class 4 felony, when he "by the use of force *** knowing [*sic*] touched the breast of Rose Marta for the purpose of *** sexual gratification or arousal." Count II alleged that defendant committed unlawful restraint, a Class 4 felony, when he "knowingly and without legal authority detained *** Marta, in that he blocked her from exiting a home in her chosen way of exiting." Count III alleged that defendant committed battery, a Class A misdemeanor, when he "without legal justification, knowingly made physical contact of an insulting or provoking nature with *** Marta, in that [he] touched *** Marta about her body."

¶ 4        During a jury trial, Marta testified that she was walking on a public street when defendant grabbed her arm and dragged her to an abandoned house. Defendant pulled Marta through an open window into a room, threw her onto a bed, and tried to remove her pants. Marta fought back. Defendant put his hands down Marta's pants and put his finger inside her vagina. Defendant also put his hand up Marta's shirt, reached under her bra, and grabbed her breast. Defendant touched Marta's body "[c]ountless" times. Marta pushed defendant off her at least three times, but each time defendant pulled her back onto the bed. During the struggle, Marta bounced off the bed onto the floor. Defendant remained on top of her. Marta grabbed a stick lying on the floor near her, struck defendant with it, and escaped.

¶ 5        The jury found defendant guilty of criminal sexual abuse, unlawful restraint, and battery. The court sentenced defendant to 5 years' imprisonment for criminal sexual abuse, 5 years' imprisonment for unlawful restraint, and 364 days in jail for battery. The court denied defendant's motion to reconsider his sentence. Defendant appeals.

¶ 6                                II. ANALYSIS

¶ 7        Defendant argues that his convictions for criminal sexual abuse, unlawful restraint, and battery are based on the same single physical act. Defendant contends that this court should vacate two convictions and allow only one conviction, based on a single physical act, to stand. Consequently, defendant requests this court to remand the matter to the circuit court to determine which two convictions must be vacated after considering the seriousness of all three convictions.

¶ 8        The State asserts that defendant's conduct involved multiple separate acts and each one of defendant's convictions was supported by a separate physical act. Since defendant committed multiple but separate unlawful acts directed at the victim, the State argues each conviction should stand. We agree.

¶ 9        Defendant and the State agree that defendant did not preserve this error for review. Thus, forfeiture applies unless the plain error doctrine excuses defendant's failure to bring this issue to the circuit court's attention. The first step of plain error review is to determine if any error occurred. *In re Samantha V.*, 234 Ill. 2d 359, 368 (2009).

¶ 10       Under the one-act, one-crime rule, "a defendant may not be convicted of multiple offenses that are based upon precisely the same single physical act." *People v. Johnson*, 237 Ill. 2d 81, 97 (2010). To determine if a one-act, one-crime violation has occurred, we employ a two-step analysis. *People v. Coats*, 2018 IL 121926, ¶ 12. First, we must determine if defendant's conduct consisted of a single physical act or separate acts. *Id.* Second, we examine whether any single act formulated the basis for two separate but lesser-included offenses. *Id.* We review *de novo* whether a violation of the one-act, one-crime rule occurred. *Id.*

¶ 11       It is well established that for one-act, one-crime purposes, a single act consists of "any overt or outward manifestation which will support a different offense." *People v. King*, 66 Ill. 2d 551, 566 (1977). "As long as there are multiple acts as defined in *King*, their interrelationship does not preclude multiple convictions ***." *People v. Myers*, 85 Ill. 2d 281, 288 (1981). Such is the case at bar.

¶ 12       The record shows that defendant's conduct consisted of multiple separate physical acts that took place in an abandoned house. First, defendant forced the victim into the abandoned house. He held her down on a bed within an interior room. While restraining the victim by holding her down on the bed, defendant focused his attention on the lower portion of her body and digitally penetrated the victim's vagina. This act supports the conviction for unlawful restraint.

¶ 13       In addition, defendant shifted his focus to the upper portion of the victim's body. In a separate act, defendant placed his hands beneath the victim's shirt, reached under her bra, and then grabbed her breast. It was the jury's role to determine whether defendant grabbed the victim's breast with a simultaneous intent for sexual gratification. The jury resolved this issue in favor of the prosecution. This separate act independently supports defendant's conviction for criminal sexual abuse.

¶ 14       Finally, the victim told the jury that, when she was inside the abandoned home, defendant touched her "countless" times. In addition to describing how defendant digitally penetrated her vagina and repositioned his hand underneath her clothing to deliberately grab her breast, the victim also described her efforts to break away from defendant. According to the victim, on multiple occasions she was able to partially break defendant's grip only to have him forcefully return her to the bed each time. At some point, the victim struggled and found herself on the floor only to have defendant fall on top of her body as she continued to resist defendant's ongoing physical contact on the floor. Any one of these countless but separate acts of physical contact, both while on the bed and later while on the floor, constitutes an "overt or outward manifestation" that supports a different offense; therefore, defendant committed multiple physical acts, not a single act. See *King*, 66 Ill. 2d at 566.

¶ 15       Next, we examine whether a pair of defendant's convictions arose from the very same physical act and qualify as lesser-included offenses based on their abstract elements. *Coats*, 2018 IL 121926, ¶ 30. "[W]hen the issue of lesser-included offenses arises in the context of a

one-act, one-crime issue *** we apply the abstract elements approach as opposed to determining whether an uncharged offense is a lesser-included offense to a charged offense using the charging instrument approach." *Id.* (citing *People v. Miller*, 238 Ill. 2d 161, 166 (2010)). "If all of the elements of one offense are included within a second offense and the first offense contains no element not included in the second offense, the first offense is deemed a lesser-included offense of the second." *Miller*, 238 Ill. 2d at 166. "[I]t must be impossible to commit the greater offense without necessarily committing the lesser offense." *Id.*

¶ 16        The abstract elements of criminal sexual abuse and unlawful restraint, both Class 4 felonies as charged in the present case, are not overlapping. See 720 ILCS 5/11-1.50(d), 10-3(b) (West 2016). Criminal sexual abuse requires a person to use or threaten force to engage in sexual conduct. *Id.* § 11-1.50(a)(1). In comparison, a person commits unlawful restraint by knowingly detaining another individual. *Id.* § 10-3(a). Unlawful restraint can occur absent any sexual conduct. Aside from requiring the same mental state, criminal sexual abuse and unlawful restraint share no abstract elements. Therefore, under the facts of this case, unlawful restraint is not a lesser-included offense of criminal sexual abuse, nor is criminal sexual abuse a lesser-included offense of unlawful restraint.

¶ 17        Physical contact that falls within the criminal sexual abuse statute "is necessarily insulting or offensive" and "inherently insulting as a matter of law" thereby also fulfilling a necessary element of battery. *People v. Meor*, 233 Ill. 2d 465, 471 (2009). Hence, if defendant had only grabbed the victim's breast without separately touching her in an insulting way on any other part of her body, misdemeanor battery could qualify as a lesser included offense with respect to criminal sexual abuse, a Class 4 felony.

¶ 18        However, defendant touched the victim multiple times including, but not limited to, touching the victim's breast and also digitally penetrating her vagina. Each time the victim nearly escaped, defendant physically recaptured her and assaulted her again. Since there were multiple physical acts defendant inflicted on the victim, we conclude defendant's battery conviction does not violate the one-act, one-crime rule. Without this error, plain error does not apply.

¶ 19                                    III. CONCLUSION
¶ 20        The judgment of the circuit court of Will County is affirmed.

¶ 21        Affirmed.