**NOTICE:** This order was filed under Illinois Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2025 IL App (3d) 240172-U

Order filed January 29, 2025

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2025

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 18th Judicial Circuit, Du Page County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-24-0172 Circuit No. 23-MT-148 |
| | ) | |
| MATTHEW DOMINGUEZ, | ) ) | Honorable Paul A. Marchese, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE ANDERSON delivered the judgment of the court.
Justices Peterson and Bertani concurred in the judgment.

_____

**ORDER**

¶ 1   *Held*:  Defendant's conviction for obstructing a peace officer was not a lesser included offense of fleeing or attempting to elude a peace officer, and therefore, did not violate the one-act, one-crime rule.

¶ 2   Defendant, Matthew Dominguez, appeals following his convictions for obstructing a peace officer and fleeing or attempting to elude a peace officer. Defendant argues his conviction for obstructing a peace officer should be vacated because it is a lesser included offense of fleeing or attempting to elude a peace officer. We affirm.

¶ 3                                  I. BACKGROUND

¶ 4          The State charged defendant with, *inter alia*, obstructing a peace officer (720 ILCS 5/31-1(a)(2) (West 2022)), fleeing or attempting to elude a peace officer (625 ILCS 5/11-204(a) (West 2022)), driving while his license was suspended (*id.* § 6-303(a)), and speeding (*id.* § 11-601(b)). The charges arose from a traffic stop where defendant, after being pulled over for speeding, fled when the police attempted to arrest him for driving on a suspended license.

¶ 5          On December 12, 2023, the case proceeded to a jury trial. Officer Melissa Flores testified that, on January 17, 2023, at approximately 1:55 a.m., she was on patrol when she detected a Subaru Impreza traveling 52 miles per hour in a 35-miles-per-hour zone. Flores activated her lights, and the Subaru continued to drive a short distance until it suddenly braked, which required her to swerve to avoid hitting it. Flores approached the Subaru and requested defendant's driver's license. Defendant showed her a photograph on his cell phone, which he claimed was a photograph of his valid Arkansas driver's license. Flores gave defendant's information to dispatch and learned defendant's driver's license was suspended in Illinois. She told defendant to stay where he was and not drive off. Flores confirmed defendant did not have insurance and ordered him to exit the vehicle. Flores told defendant he did not have insurance and his driver's license was not valid in Illinois. Flores again ordered defendant to exit the vehicle. Defendant reached toward his gear shifter, and Flores opened the driver's side door. Flores told defendant not to drive off, and defendant drove away.

¶ 6          In support of the obstruction charge, the State contended defendant obstructed Flores in her investigation when he refused to comply with repeated commands to exit his vehicle and "then drove away." The State argued defendant committed the offense of fleeing or attempting to elude a peace officer when he willfully drove away from a traffic stop before being told he could leave.

The jury found defendant guilty of all counts. The circuit court sentenced defendant to concurrent terms of 30 days' jail and 2 years' probation for fleeing or attempting to elude a peace officer, driving while his license was suspended, and obstructing a peace officer. Defendant appeals.

¶ 7                                  II. ANALYSIS

¶ 8        On appeal, defendant argues his conviction for obstructing a peace officer should be vacated because it is a lesser included offense of his conviction for fleeing or attempting to elude a peace officer. Specifically, defendant contends his act of driving away from the traffic stop without Flores's permission was the basis for both convictions. Although this issue was not preserved, it may be reviewed under the second prong of the plain error doctrine because such violation affects the integrity of the judicial process. *People v. Coats*, 2018 IL 121926, ¶ 10. We first determine whether error occurred. *People v. Jackson*, 2022 IL 127256, ¶ 21.

¶ 9        Under the one-act, one-crime rule, a defendant may not be convicted of multiple offenses arising out of the same physical act. *People v. King*, 66 Ill. 2d 551, 566 (1977). When the defendant has committed several acts, more than one conviction is improper if one offense is a lesser included offense of another. *People v. Miller*, 238 Ill. 2d 161, 165 (2010). We undergo a two-step analysis to determine whether there was a violation of the one-act, one-crime rule. *People v. Rodriguez*, 169 Ill. 2d 183, 186 (1996). We first determine whether the defendant's conduct consisted of a single physical act or separate acts, and if the defendant committed multiple acts, we then determine whether any of the offenses are lesser included offenses. *Id.* Here, as neither party argues that defendant's conduct consisted of a single physical act, we limit our scope of review as to whether either offense is a lesser included offense. We employ the abstract elements approach, which requires us to compare the elements of both offenses. *Miller*, 238 Ill. 2d at 166. "If all of the elements of one offense are included within a second offense and the first offense contains no

3

element not included in the second offense, the first offense is deemed a lesser-included offense of the second." *Id.*

¶ 10    A person commits the offense of obstructing a peace officer when he knowingly "obstructs the performance by one known to the person to be a peace officer *** of any authorized act within his or her official capacity." 720 ILCS 5/31-1(a)(2) (West 2022). Here, the State alleged defendant committed this offense when he refused to comply with repeated commands from Flores to exit his vehicle and then drove away from Flores.

¶ 11    A person commits fleeing or attempting to elude a peace officer, a driving infraction, when having been given a visual or audible signal by a peace officer directing the person to bring his vehicle to a stop, flees or attempts to elude the officer. 625 ILCS 5/11-204(a) (West 2022). The State alleged defendant committed this offense when he willfully drove away from a traffic stop before being told he could leave in order to flee or attempt to elude Flores.

¶ 12    We conclude obstructing a peace officer is not a lesser included offense of fleeing or attempting to elude a peace officer. For the obstruction charge, the State was required to prove defendant, *inter alia*, obstructed an authorized act within Flores's official capacity. See 720 ILCS 5/31-1(a)(2) (West 2022). This requirement was undisputably satisfied when the evidence established defendant refused to comply with Flores's repeated commands to exit his vehicle. See *People v. Synnott*, 349 Ill. App. 3d 223, 229 (2004) (concluding the defendant obstructed a peace officer by repeatedly disobeying the officer's order to exit his vehicle). Though the State's formal charge included additional language that defendant "then drove away," which was the basis for the fleeing charge, this is merely surplusage as the essential elements of the obstruction charge were already adequately set forth. See *People v. Collins*, 214 Ill. 2d 206, 219 (2005) ("Where an indictment charges all essential elements of an offense, other matters unnecessarily added may be

4

regarded as surplusage."). Stated another way, defendant's act of driving away was not the basis for the obstruction charge.

¶ 13    Accordingly, defendant committed the obstruction offense when he refused to exit his vehicle, and when he drove away from the traffic stop without Flores's permission, he committed the additional offense of fleeing or attempting to elude a peace officer. Defendant could have committed fleeing or attempting to elude without also committing obstruction. Therefore, the obstruction conviction is not a lesser included offense. While the State's inclusion of the aforementioned surplusage language exemplifies inartful drafting, it does not constitute a one-act, one-crime violation. As we find no error, our plain error analysis ends here. See *People v. Hanson*, 238 Ill. 2d 74, 115 (2010).

¶ 14                                III. CONCLUSION

¶ 15    The judgment of the circuit court of Du Page County is affirmed.

¶ 16    Affirmed.