2021 IL App (2d) 190770-U
No. 2-19-0770
Order filed August 12, 2021

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(l).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) | Appeal from the Circuit Court of Winnebago County. |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | No. 18-CF-1007 |
| | ) | |
| MARCHELLO DESHAWN. JOHNSON, | ) | Honorable |
| | ) | Ronald J. White, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE ZENOFF delivered the judgment of the court.
Justices Jorgensen and Schostok concurred in the judgment.

**ORDER**

¶ 1   *Held*:   (1) Defense-of-another instruction was not warranted where the evidence showed that defendant did not subjectively believe that his companion was in imminent danger from another individual, who had not yet produced a weapon when defendant fired at him.  Rather, defendant was lying in wait to retaliate against that individual for a prior physical altercation.  (2) As agreed by the parties, one of defendant's convictions of aggravated discharge of a firearm would be vacated under the one-act, one-crime rule.

¶ 2   In March 2018, defendant, Marcello Deshawn Johnson, was involved in a fight at a mall in Cherry Valley.  He was chased out of the mall, took refuge near his minivan, and waited for the other men involved in the fight to exit.  As defendant's friend, Tony Craig, ran out of the mall and

away from Jamain McFadden, who was reaching inside his sweatshirt, defendant fired a gun. McFadden drew his gun and fired at defendant. During defendant's jury trial, defendant claimed that he fired his gun in self-defense. The jury found defendant guilty of two counts of aggravated discharge of a firearm (720 ILCS 5/24-1.2(a)(1), (a)(2) (West 2018)). Defendant was sentenced to concurrent terms of 12 years' imprisonment. Defendant timely appeals, arguing that (1) he was entitled to a jury instruction on defense of another, and (2) one of his convictions of aggravated discharge of a firearm must be vacated under the one-act, one-crime rule. We determine that (1) the evidence did not support a defense-of-another instruction even if requested, but (2) one of his convictions must be vacated. Accordingly, we vacate one of defendant's convictions and affirm the trial court's judgment in all other respects.

¶ 3                                    I. BACKGROUND

¶ 4    The indictments contained, as relevant here, two counts of aggravated discharge of a firearm. Those two counts alleged that defendant knowingly discharged a weapon (1) in the direction of another person (count I) and (2) at a building that defendant knew or should have known was occupied, and the weapon was fired while defendant was positioned outside of the building (count II). Throughout the proceedings, the parties and the trial court recognized that both aggravated discharge-of-a-firearm charges concerned only one discharge of a firearm.

¶ 5    At defendant's jury trial, the relevant evidence consisted of several surveillance videos and testimony from Detective Scott St. Vincent, who was familiar with all the men involved in the incident and narrated what was depicted on the surveillance videos. That evidence revealed the following.

¶ 6    On the morning of March 18, 2018, defendant and Craig went to a Champs shoe store at a mall in Cherry Valley. While at Champs, Craig started a physical fight with Jeffrey Beasley.

Defendant intervened and began fighting with Beasley while Craig began fighting with Cory Smith. Rayshawn Hayes eventually came to Smith's aid. Defendant broke away from Beasley and began running. Soon thereafter, Craig broke away from Smith and Hayes. Craig ran after defendant while Beasley, Smith, and Hayes chased Craig and defendant. McFadden, who was in another part of the mall, joined Beasley, Smith, and Hayes in chasing after Craig and defendant. Nothing indicated that McFadden was armed.

¶ 7    Defendant exited the mall first. At a hurried pace, he crossed the parking lot. Defendant then opened the driver's door of his minivan, crouched down, and appeared to be waiting for the other men to exit.

¶ 8    Seconds later, after defendant was positioned behind his minivan's open door, Craig backed out of the mall while facing McFadden. McFadden was reaching down the front of his sweatshirt toward his waistband. The time stamp on the surveillance video was 10:43:29. Craig began running away from McFadden. Although the surveillance video did not show that McFadden possessed a weapon, Detective St. Vincent testified that "common sense" indicated that Craig believed McFadden had a gun and was going to pull it out. While McFadden chased Craig, Beasley, Smith, and Hayes remained at the exit to the mall.

¶ 9    At the same time, defendant, who was still positioned behind the open driver's door of his minivan, stood up and extended his arm above the driver's door. Defendant had a gun in his hand. The time stamp on the surveillance video was 10:43:30. No weapon was in McFadden's hand at this time.

¶ 10    After a gun was seen in defendant's hand, the video showed Craig ducking, as if he heard gunfire, and looking toward defendant's minivan. At the same time, McFadden's attention was drawn away from Craig and toward defendant. Once McFadden's attention was drawn to

defendant, McFadden drew his gun and pointed it at defendant's minivan. The time stamp on the surveillance video was 10:43:31. McFadden fired his gun at least once while he ran back to the mall's exit. The time stamp on the surveillance video indicated that McFadden fired his gun at 10:43:32. Detective St. Vincent testified that it was difficult to determine on the video when a gun was being discharged. The appearance of smoke or spray on the video could indicate a discharge. He "[did not] believe that [McFadden] fired the first shot."

¶ 11    After shots were fired, defendant got into the driver's seat of his minivan, pulled out of the parking space, and drove toward Craig. Craig moved toward the minivan and entered the passenger side of the minivan.

¶ 12    After all the evidence was presented, the trial court instructed the jury on, among other things, self-defense. The jury was not instructed on defense of another. The jury found defendant guilty of two counts of aggravated discharge of a firearm. The trial court entered convictions on both counts and sentenced defendant. Defendant never claimed during the proceedings that the jury should have been instructed on defense of another or that his convictions of both counts of aggravated discharge of a firearm violated the one-act, one-crime rule.

¶ 13                          II. ANALYSIS

¶ 14    At issue in this appeal is whether (1) the evidence warranted defendant being given a jury instruction on defense of another and (2) one of defendant's convictions of aggravated discharge of a firearm must be vacated under the one-act, one-crime rule. We consider each issue in turn.

¶ 15                    A. Defense-of-Another Instruction

¶ 16    The first issue we address is whether the jury should have been instructed on defense of another. Defendant forfeited review of this claim because he failed to raise the issue in the trial

court. See *People v. Rodriguez*, 2014 IL App (2d) 130148, ¶ 70. Recognizing this, defendant urges us to consider the issue as plain error or as ineffective assistance of trial counsel.

¶ 17     To establish plain error, defendant must show that (1) the evidence was so closely balanced that the error alone threatened to tip the scales of justice against him or (2) there was an error so serious that it affected the fairness of his trial and challenged the integrity of the judicial process. *People v. Piatkowski*, 225 Ill. 2d 551, 565 (2007). To show ineffective assistance, defendant must establish that (1) counsel's performance fell below an objective standard of reasonableness and (2) it is reasonably probable that, but for these unprofessional errors, the result of the proceeding would have been different. *People v. Edwards*, 195 Ill. 2d 142, 163 (2001). Under either a plain-error or ineffective-assistance-of-counsel theory, we first consider whether defendant has established error. *People v. Miller*, 2014 IL App (2d) 120873, ¶ 19.

¶ 18     Defense of a person, whether that person is the defendant or another person, is an affirmative defense to the charge of aggravated discharge of a firearm. *People v. Getter*, 2015 IL App (1st) 121307, ¶ 36. The principles of self-defense and defense of another are the same. *People v. Spranger*, 314 Ill. 602, 612 (1924), *overruled in part on other grounds*, *People v. Caldwell*, 39 Ill. 2d 346 (1968). "A person is justified in the use of force against another when and to the extent that he reasonably believes that such conduct is necessary to defend himself or another against such other's imminent use of unlawful force." 720 ILCS 5/7-1(a) (West 2018).

¶ 19     "A defendant is entitled to a self-defense or defense of others instruction so long as there is slight evidence adduced at trial to support his theory." *People v. Taylor*, 2016 IL App (1st) 141251, ¶ 11. Slight evidence must be presented indicating that "(1) unlawful force was threatened against [the] defendant or others, (2) [the] defendant was not the aggressor, (3) the danger of harm was imminent, (4) the use of force was necessary, (5) [the] defendant subjectively believed a

danger existed requiring the use of force applied, and (6) [the] defendant's belief was objectively reasonable." *Id.* "The overarching question is whether the defendant's subjective belief in the necessity of using deadly force was reasonable under the circumstances." *Id.* "[W]hether sufficient evidence exists in the record to support the giving of a jury instruction is a question of law subject to *de novo* review." *People v. Washington*, 2012 IL 110283, ¶ 19.

¶ 20    Here, the only evidence indicating that defendant acted to defend Craig was Detective St. Vincent's testimony that "common sense" indicated that Craig believed McFadden had a gun and was going to pull it out. That evidence was not enough to warrant instructing the jury on defense of another. Nothing about that evidence, or any other evidence presented, indicated that *defendant* subjectively believed that a danger to Craig existed that required defendant to fire his weapon. Not only did Detective St. Vincent's statement concern what Craig, not defendant, may have believed, the evidence revealed that defendant fired his gun in retaliation for the fight inside the mall. After that fight, defendant exited the mall before any of the other men, proceeded to his minivan, took cover behind the driver's side door, and waited for McFadden and the other men to exit. After McFadden exited the mall and started chasing Craig, defendant, who had been lying in wait, fired his gun before McFadden even produced a weapon.

¶ 21    In reaching our conclusion that the evidence did not warrant a defense-of-another jury instruction, we find instructive *People v. Bratcher*, 63 Ill. 2d 534 (1976). There, the defendant was involved in an altercation with the police. *Id.* at 537-38. After he was arrested, he admitted "that he had struck [an] officer but stated that he felt 'they were going to whip him' and he swung first." *Id.* at 538. At trial, the defendant testified that police officers twice shoved him before he struck one of them. *Id.* at 539. The defendant asserted that he was not placed in fear by the officer's actions but was surprised and angry, "and, in an automatic reaction, he turned and hit the

officer." *Id.* While acknowledging that a defendant is entitled to any jury instruction that is based on the slightest of evidence, even when that slight evidence contradicts the defendant's testimony, our supreme court determined that the defendant's comment to a police officer that he thought the police would whip him was insufficient to warrant submitting the issue of self-defense to the jury. *Id.* at 540. The court concluded that, "[t]o hold otherwise would permit a defendant to demand unlimited instructions, which are wholly unrelated to the case but are based upon the merest factual reference or witness's comment." *Id.* at 540-41.

¶ 22    In our view, defendant presents an even weaker case for giving the instruction. Unlike in *Bratcher*, where defendant asserted that he was afraid that the officers were going to " 'whip him' " (*id.* at 538), no evidence was presented at trial concerning defendant's state of mind when he fired at McFadden. Without that, and because defendant was lying in wait for the men to exit the mall so that he could exact his revenge, we cannot conclude that the jury should have been instructed on defense of another.

¶ 23    Defendant argues that the State acknowledged during closing argument that McFadden posed a threat to Craig before defendant fired his gun. Defendant claims that, based on those statements, the jury should have been instructed on defense of another. We find defendant's argument meritless. Statements made during closing argument are not evidence. See *People v. Wheeler*, 226 Ill. 2d 92, 130 (2007). Accordingly, they cannot provide a basis for giving a jury instruction.

¶ 24    Because we determine that no error occurred when the jury was not instructed on defense of another, we do not undertake a plain-error review or consider whether defendant's trial counsel was ineffective. See *People v. Betance-Lopez*, 2015 IL App (2d) 130521, ¶ 28 ("Because we

conclude that no error occurred, we need go no further in addressing defendant's plain-error or ineffective-assistance-of-counsel arguments.").

¶ 25                              B. One-Act, One-Crime Rule

¶ 26     We now consider whether one of defendant's convictions of aggravated discharge of a firearm must be vacated.  This issue, like defendant's claim that the jury should have been instructed on defense of another, was never raised in the trial court.  Although issues not raised in the trial court are normally forfeited on appeal (see *People v. Rodney S.*, 402 Ill. App. 3d 272, 281 (2010)), the parties agree that defendant's one-act, one-crime claim is reviewable under the second prong of the plain-error rule, which provides for review of issues that "affect[ ] the integrity of the judicial process" (Internal quotation marks omitted.) (*People v. Brown*, 2018 IL App (3d) 150070-B, ¶ 12).  Accordingly, we consider whether defendant's conviction of both counts of aggravated discharge of a firearm was error.  *Id.*

¶ 27     Violation of the one-act, one-crime rule occurs when multiple convictions are based on precisely the same physical act.  *People v. Miller*, 238 Ill. 2d 161, 165 (2010).  In determining whether the rule has been violated, courts first consider "whether a defendant's conduct consisted of separate acts or a single physical act."  *People v. Rodriguez*, 169 Ill. 2d 183, 186 (1996).  The definition of an "act" is "any overt or outward manifestation which will support a different offense."  *People v. King*, 66 Ill. 2d 551, 566 (1977).  Second, if there is evidence supporting multiple acts, courts consider whether the State charged the defendant with separate acts and presented its case against the defendant that way to the trier of fact.  *People v. Crespo*, 203 Ill. 2d 335, 342 (2001).  If the State did not charge *and* present the case on a theory of multiple acts, the reviewing court must vacate the less serious conviction.  *People v. Young*, 362 Ill. App. 3d 852,

853 (2005). We review *de novo* whether a defendant's convictions violate the one-act, one-crime rule. *Id.* at 852.

¶ 28 Here, the parties agree, as they did in the trial court, that both counts of aggravated discharge of a firearm were based on only one discharge of a firearm. Thus, the parties agree that convictions of both counts of aggravated discharge of a firearm cannot stand. The parties contend that, even though the class of crime and sentencing range for both convictions is the same (see 720 ILCS 5/24-1.2(b) (West 2018) ("A violation of subsection (a)(1) or subsection (a)(2) of this Section is a Class 1 felony."); 730 ILCS 5/5-4.5-30(a) (West 2018) (sentencing range for Class 1 felony is 4 to 15 years)), the conviction of count II, which charged defendant with discharging a firearm at a building, is the less serious offense and, thus, should be vacated. We agree. As was noted in *People v. Kasp*, 352 Ill. App. 3d 180, 189-90 (2004):

> "One can easily conclude that it is more serious for an offender to shoot at/in the direction of someone than it is for the offender to simply go about town shooting a gun at no one in particular and indirectly endangering another's bodily safety; it is more likely that such direct action will result in more dire consequences and, hence, in a greater and defined risk of bodily harm."

Accordingly, we vacate defendant's conviction of aggravated discharge of a firearm under count II.

¶ 29                                III. CONCLUSION

¶ 30 For the reasons stated, we vacate defendant's conviction of aggravated discharge of a firearm under count II but otherwise affirm the judgment of the circuit court of Winnebago County.

¶ 31 Affirmed in part and vacated in part.